## WILL PANYON v. THE STATE.

No. 9276. Delivered June 17, 1925.

Rehearing Denied October 21, 1925.

**1.—Keeping Gambling House—Bills of Exception—Question and Answer Form—Not Considered.**

Where bills of exception are in question and answer form, and also where they fail to state any facts or circumstances surrounding the matters complained of, they cannot be considered by this court. There are three of such bills in this record, that will not be reviewed.

**2.—Same—Arrest of Judgment—Motion Properly Overruled.**

Where on a trial for keeping a gambling house, the sixth count in the indictment only being submitted to the jury, and said count correctly charging a felony, appellant's motion in arrest of judgment, presenting that said count charged only a misdemeanor, and would not support the conviction for a felony, was properly overruled.

3.—Same—Evidence—Properly Admitted.

Where on a trial for keeping a gaming house, the indictment contain-
ing six different counts, charging him in as many different ways with a
violation of the gaming statute, it was not improper on cross-examination of
appellant to permit the state to prove that he had been charged, and convicted
of gambling, prior to the trial.

Appeal from the District Court of Jefferson County. Tried below
before the Hon. Geo. C. O'Brien, Judge.

Appeal from a conviction of keeping a gambling house; penalty,
two years in the State penitentiary.

The opinion states the case.

*Blain & Jones*, for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant
State's Attorney, for the State.

BERRY, Judge.—Appellant was convicted in the district court
of Jefferson County for the offense of keeping a gambling house and
his punishment assessed at confinement in the penitentiary for a
term of two years.

The evidence is entirely sufficient to support the judgment. There
are but three bills of exception contained in the record and each of
these is in question and answer form and cannot be considered. In
addition to this each of them fail to state any facts or circumstances
surrounding the matters complained of and are also for that reason
wholly defective and insufficient.

The appellant filed a motion in arrest of judgment in which he
alleges that the defendant was convicted under the 6th court in the
indictment and that this count only charged a misdemeanor, and
that, therefore, the district court had no jurisdiction of the case. This
contention cannot be sustained. The 6th count in the indictment
charged a felony and the court under proper instructions submitted
this count to the jury and their verdict finding the defendant guilty
thereon, found support in the evidence in the case.

There is no error manifest by the record, it is our opinion that
the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been
examined by the Judges of the Court of Criminal Appeals and ap-
proved by the Court.

LATTIMORE, JUDGE.—Appellant complains in his motion of certain testimony that was elicited from him by the State on cross-examination in regard to his having been charged and convicted for gambling, it being insisted that the offenses proven were not felonies or misdemeanors involving moral turpitude. Appellant was charged by six counts in the indictment with various forms of keeping and permitting his premises to be used for purposes of gaming, one of said counts charging that the gaming was accomplished by betting and wagering at games of dice. There was nothing in the questions asked appellant which he answered, and which are complained of,—which showed where the gambling took place for which he was arrested and convicted. There is no presumption that it was at a house or premises other than his own. If he was arrested for betting at games with dice in his own house and so confessed or admitted,—this would be testimony legitmately tending to support the charge contained in the count above referred to. No motion had been made to require the State to elect as far as we can ascertain from the record. In such case the testimony objected to was admissible.

The motion for rehearing will be overruled.

*Overruled.*