## Jack Byler v. The State.

No. 10355.   Delivered December 22, 1926.

Rehearing denied May 4, 1927.

**1.—Manslaughter—Statement of Facts—Filed Too Late—When Considered.**

The State's Attorney for this court moves to strike out the statement of facts and bills of exception because filed more than ninety days after notice of appeal given. Appellant having made a proper showing which exonerates him from negligence in this particular, his statement of facts and bills of exception will be considered.

**2.—Same—Bills of Exception—In Question and Answer Form—Not Considered.**

Appellant's bills of exception Nos. 1, 2, 3, 4, 5, 6 and 8 are in question and answer form, and therefore are not prepared in compliance with the statutes and decisions of this court governing such matters, and for that reason cannot be considered. Following Broussard v. State, 271 S. W. 385; Robbins v. State, 272 S. W. 175, and Panyon v. State, 275 S. W. 1076.

**3.—Same—Bill of Exception—Improper Form—No Error Presented.**

Where a bill of exception embraces all of the grounds urged in the motion for a new trial, combining various and sundry objections in the same bill, it is not in proper form, and presents no error. See Nugent v. State, 273 S. W. 598.

**4.—Same—Witness Under Rule—Discretion of Court.**

Where a witness who had not been placed under the rule with other witnesses, and who had heard the testimony, was permitted to testify, as to defendant's character, no error is shown. The failure to enforce the rule as to witnesses, and especially as to character witnesses, is left to the discretion of the trial court, and in the absence of injury shown, this court will not interfere with the action of the trial court thereon. See Allen v. State, 98 Tex. Crim. Rep. 219.

**5.—Same—Suspended Sentence—General Reputation—Admissible.**

Where the appellant has filed his plea for a suspended sentence, it is

proper for the state to make inquiry as to appellant's general reputation up to the date of the trial, and it is not error to refuse to limit the inquiry to the time of and prior to the homicide.   See Bayer v. State, 96 Tex. Crim. Rep. 210; Rosemond v. State, 97 Tex. Crim. Rep. 210.

**6.—Same—Requested Charge—Covered in Main Charge—Properly Refused.**

Where the issues presented in a requested charge have been fully and fairly presented in the court's main charge, it is proper practice to refuse such special charge.

**7.—Same—Requested Charge—Issue Not Raised—Properly Refused.**

Where appellant requested a charge in effect that appellant had the right to arm himself and seek deceased and demand an explanation of his insulting conduct toward appellant's wife, and there was no testimony in the case raising this issue, the requested charge was properly refused.

**8.—Same—Requested Charge—As Between Degrees—Cured by Verdict.**

Where appellant requested a charge on reasonable doubt as between the degrees of murder and manslaughter, and the jury convicts of manslaughter, the error in refusing the special charge is cured by the verdict.

ON REHEARING.

**9.—Same—Bills of Exception—In Question and Answer Form—Not Considered.**

Bills of exception by statute are required to be prepared in narrative and not in question and answer form.   The trial judge is vested with the discretion to direct when a bill shall contain the questions and answers. This court has said many times that ordinarily unless the bill shows that in the opinion of the trial court it was necessary that it be prepared in question and answer form the bill will not be considered.   See McCrary v. State, 96 Tex. Crim. Rep. 354, and other cases cited.

**10.—Same—Evidence—Cause of Death—Properly Admitted.**

Where, on trial for a homicide, in establishing the cause of the death of the deceased, it was proper to permit the mother of deceased to testify as to the character of the wounds inflicted upon him, and that he was taken to a hospital, where he grew steadily worse and died on the ninth day after being wounded by appellant.

**11.—Same—Requested Charges—Refusal of Same—No Error.**

Where the appellant had requested three special charges, all of which were upon the same issue, and the court gave the one most favorable to appellant, and refused the other two, no error was committed in such refusal.

Appeal from the District Court of Liberty County.   Tried below before the Hon. Thos. P. Coe, Judge.

Appeal from a conviction for manslaughter, penalty five years in the penitentiary.

The opinion states the case.

*C. H. Cain* of Liberty, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted of manslaughter in the District Court of Liberty County, and his punishment assessed at five years in the penitentiary.

The record discloses that the homicide took place at a dance on the night of December 25, 1923. It was the contention of the state, and evidence was introduced to that effect, that the appellant, while under the influence of whiskey and without cause or provocation, shot the deceased with a pistol, from the effects of which he died about nine days later. The appellant defended upon the ground, and so testified and introduced other evidence in support thereof, that the deceased, on the night in question and while under the influence of whiskey, cursed the appellant to appellant's wife and called her a vile name, all of which was communicated by her to the appellant prior to the homicide, and that he shot the deceased in self-defense while the latter was advancing toward him and attempting to cut him.

The state's attorneys for this court move to strike out the statement of facts for the reason that same was filed more than ninety days after notice of appeal was given. The bills of exception are subject to the same objection. The appellant files in this court a proper showing which exonerates him from negligence in this particular, and under which this court is authorized to consider said statement of facts and bills of exception.

The record contains sixteen bills of exception. Bills 1, 2, 3, 4, 5, 6 and 8 are in question and answer form, and are not prepared in keeping with the statute, and decisions of this court, governing such matters, and for that reason we are unauthorized to consider same. Broussard v. State, 271 S. W. 385; Robbins v. State, 272 S. W. 175; Panyon v. State, 275 S. W. 1076.

Bill of exception 1a embraces all of the grounds urged in the motion for a new trial, combining various and sundry objections in the same bill, and, as presented, shows no error. Nugent v. State, 273 S. W. 598.

In bill No. 7 complaint is made to the action of the court in permitting the state to have the witness Musgrove testify that the appellant's reputation was bad, the objections being that said witness was not placed under the rule and heard some of the testimony, and that the state's inquiry as to the appellant's reputation was not confined to the time of and prior to the homicide. This bill, as presented, shows no error. The failure to enforce

the rule as to witnesses, and especially character witnesses, is left to the discretion of the trial court, and in the absence of a showing of abuse of his discretion, this court will not interfere with the action of the trial court thereon. Allen v. State, 98 Tex. Crim. Rep. 219, 265 S. W. 580. The appellant having sought a suspended sentence, it was proper for the state to make inquiry as to the appellant's reputation up to the date of the trial, and it was not error to refuse to limit this issue to the time of and prior to the homicide. Bayer v. State, 96 Tex. Crim. Rep. 210, 257 S. W. 242; Rosamond v. State, 97 Tex. Crim. Rep. 569, 263 S. W. 297.

Bill No. 9 complains of the action of the court in refusing to give appellant's special charge No. 2 relative to manslaughter based upon the statement of the deceased to the appellant's wife. This issue was fully covered in appellant's special charge No. 4, which was given by the court.

Bill No. 10 complains of the action of the court in refusing to give appellant's special charge No. 5. The record discloses that the court gave this charge to the jury.

Bill No. 11 complains of the action of the court in refusing to give appellant's special charge No. 3 to the effect that the appellant had the right to arm himself, seek the deceased and demand an explanation of his conduct toward appellant's wife. There was no error in the refusal of this charge, for the reason that the evidence does not raise such an issue. The appellant testified that when he got his pistol preparatory to leaving the scene of the dance, he was on his way home and did not know that the deceased was in the room through which he was passing until his wife called his attention to that fact; that he was intending to go home at said time and intended to see the deceased later.

Bill No. 12 complains of the refusal of the court to charge the jury that if they had a reasonable doubt as to whether the appellant was guilty of murder or manslaughter, to resolve the doubt in his favor. The verdict was for manslaughter, and this question passes out of the case.

Bills of exception Nos. 13, 14, 15 and 16 complain of the argument of the state's attorneys to the jury and, as presented, show no error.

After a careful examination of the entire record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant especially complains because we declined to consider bill of exception No. 8 on account of it being in question and answer form, insisting that it is apparent from the bill itself that it was necessary so to present it in order to make clear to this court the matter complained of. The necessity to put the bill in questions and answers does not appear obvious. By a little care the bill could have been presented in narrative form. However that may be, it is our understanding that the legislature in Subdivision 3, Art. 760, C. C. P., has vested in the trial judge the discretion to direct when a bill should contain the questions and answers, and we have said several times that ordinarily unless the bill in some way shows that in his opinion it was necessary that it be prepared in that form the bill would not be considered. McCrary v. State, 96 Tex. Crim. Rep. 354, 257 S. W. 566; Broussard v. State, 99 Tex. Crim. Rep. 589, 271 S. W. 385; Taylor v. State, 98 Tex. Crim. Rep. 185, 265 S. W. 152.

If bill of exception No. 4 is considered (as appellant insists it should be) we fail to find anything therein calling for a reversal. It was necessary for the state to prove that death resulted from the injury inflicted by appellant, and the evidence objected to was a recital by the mother of deceased, describing the character of the injury inflicted, that deceased was taken to the hospital where he grew steadily worse, and died on the ninth day after being wounded by appellant.

Appellant requested three special charges (Nos. 2, 4 and 5) supplementing the main charge upon the issue of manslaughter. The court gave special charge No. 4. Appellant now complains because he did not give special charge No. 2 instead, and criticizes the charge given, although prepared by himself. It would have been improper for the court to have given more than one of the special charges and it occurs to us that he selected and gave the one which presented the case in the most favorable light for appellant.

The motion for rehearing is overruled.    *Overruled.*