WILLIE LEWIS v. THE STATE.

No. 20339. Delivered April 5, 1939.
Rehearing Denied May 31, 1939.

The opinion states the case.

*Shephens & Sams,* of Benjamin, for appellant

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for murder without malice; the punishment assessed is confinement in the state penitentiary for a term of two years.

It appears from the record that appellant and the deceased were husband and wife. On the 6th day of October, 1937, some misunderstanding arose between them which precipitated a fight, resulting in serious consequences to both of them. The appellant threw a pot full of hot lye water on the deceased, scalding his back from the top of his shoulders down to below his hips. Appellant suffered the loss of an eye, which the deceased had scratched or punched out. There is a conflict in the testimony adduced by the State and that offered on behalf of the appellant. The dying declaration of the deceased is to the effect that while he was sitting in the kitchen eating his noon meal, appellant threw the hot lye water on him. That he immediately arose and scratched her eye. Appellant's version of the affair is to the effect that she told him on the morning in question that she was going to Waco. That he objected to her going, and began beating her and punched out her eye. That she then threw the pot of hot lye water on him and ran. He followed and overtook her and they both fell.

The sheriff testified that he went to the place where the

trouble occurred and saw a plate and food on the table and a chair lying on the floor. Sometime after the occurrence he stated that he went to appellant's home and asked her why she threw the hot water on her husband and she replied that she did not know.

By bill of exception number one, appellant complains of the action of the trial court in overruling her application for a continuance, based on the absence of several witnesses, claimed to be residing in McLennan County and for whom process was issued on the 22nd and 26th days of February, 1938. The bill is qualified by the trial court, who states that this is the defendant's third application, having been continued at both the February and June Terms of Court. That the return made by the Sheriff of McLennan County on the subpoena shows that some of the witnesses could not be found in the county, one being in Philadelphia, Penn. That others were merely character witnesses, and a number of witnesses testified to appellant's reputation as a quiet, peaceable citizen. The bill as qualified fails to reflect error.

Bills of exception numbers two and eleven complain of the testimony given by F. D. Reeves and the Sheriff of Knox County, relative to the condition of the kitchen and the things located therein when they went there about eleven P. M. on the day in question. Appellant objected to said testimony on the ground that it was not shown that the same conditions existed at that time as existed when appellant and the deceased left there. We think the objection went more to the weight of the evidence than to its admissibility.

Bills of exceptions numbers three, four and five complaining of the supposed error in admitting in evidence the dying declaration of the deceased without laying a proper predicate therefor, are insufficient in that they fail to show that they contain all the predicate laid. A bill of exception to be sufficient must state that it contains all the predicate laid upon which the declaration was admitted and must set out the declaration. While in the instant case the bills set out the declaration, there is an entire absence of any statement in them that they contain all the predicate laid for admitting it. Consequently, the bills fall short of presenting error. See Sec. 1864, Branch's Ann. P. C. and authorities there cited.

With reference to the objection that the dying declaration was elicited by questions propounded by the assistant district attorney to whom the statement was made, we note that the

bill merely shows that when said attorney failed to understand the declarant, he would ask a question in order to get a clear understanding of the related matter, but at no time were the questions calculated to lead the deceased to any particular statement. Hence in the absence of a showing that the declaration was elicited by leading interrogatories, the dying declaration was admissible against such an objection. Sec. 1866 Branch's Ann. P. C. and authorities there cited.

Bill number six complains of the following remarks made by the district attorney in his closing address to the jury: "How did he go there? At the hands of this bloody assassin." This bill is insufficient within and of itself to disclose any prejudicial error, since it fails to show that the remarks were not made in reply to the argument of counsel for appellant; nor is it shown that they were not a proper deduction from the testimony.

Bill number seven also complains of the following remarks made by the district attorney: "These negroes and other negroes ought to be warned by these actions, and say that shall not be done in my county."

The court, in his qualification of the bill, states that it was not the exact language used by the district attorney, but that he did make the following remarks: "Gentlemen of the jury, by your verdict, you should show this negro and other negroes from Waco that they can't come out here in Knox County and kill one another without being punished."

In view of the court's qualification of this bill, we fail to see any reversible error reflected therein.

By bill of exception number nine, appellant complains of the following remarks made by the district attorney in his closing address to the jury: "She did not give him the opportunity of skilled lawyers and coached evidence."

Upon objection urged thereto by appellant, the court instructed the jury that they should not consider for any purpose the statement of the district attorney as to "coached evidence." Notwithstanding such instruction, the appellant contends that the remarks are of such a prejudicial nature that they could not be withdrawn from the consideration of the jury. The court, in his qualification of the bill, states that all of the argument except that relative to "coached evidence" was invited by argument of counsel for the appellant, who contended that the dying declaration was secured in Waco by

the officers who "all ganged up." That the district attorney, in reply thereto, explained to the jury that the defendant had taken the life of the deceased without any justification and was now asking them to be merciful on her.

We are of the opinion that the bill, as qualified, fails to reflect reversible error. Perhaps the district attorney should not have used the language "coached evidence," but every improper remark is not grounds for reversal, unless this court could say that it was of such prejudicial nature as injuriously affected the rights of appellant. See Tweedle v. State, 29 Tex. Crim. Rep., 586 (591) ; 16 S. W., 544; Howard v. State, 53 Tex. Crim. Rep., 378 (385), 111 S. W., 1038.

All other matters complained of by appellant have been carefully examined by us and are deemed to be without merit.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, Judge.

Bill of exception No. 4 which relates to the testimony of the witness who reduced to writing the dying declaration of deceased, contains the following recital.

"And for the purpose of this bill, to show that the proper predicate was not laid by the witness who took said purported dying declaration the entire testimony of said witness as hereto attached as Exhibit 'A' ".

Then follows the entire testimony of this particular witness on both direct and cross-examination. From this appellant argues that we were in error in saying in our original opinion that the bill complaining of the introduction of the dying declaration omitted the statement that it "contained all the predicate laid." The predicate many times consists of the evidence of a number of witnesses, and seldom depends alone on that of the witness who reduces the statement to writing. The rule that a bill complaining of an insufficient predicate must set out all the evidence on the predicate and state that it does so do, has been the unbroken holding of this court. For some of the more recent cases see Elliott v. State, 111 Tex. Cr. R. 534, 15 S. W. (2d) 648, citing many earlier ones.

Moore v. State, 127 Tex. Cr. R. 637, 78 S. W. (2d) 189; Banks v. State, 131 Tex. Cr. R. 196, 97 S. W. (2d) 219. It may not be amiss to here state that an examination of the entire record leaves no doubt in our minds that the predicate was sufficient to admit the declarations in question.

It is claimed that we misapprehended bill of exception number five. That the bill in fact directed complaint at the action of the trial judge in directing questions to the witness who took the dying declarations of deceased, and bearing upon the predicate for the introduction of such dying declarations. Most of the questions were directed to the witness in the jury's absence and we fail to discover any error. It seems to be an effort on the court's part to inform himself so that his ruling might be properly made. The said bill recites that appellant "did not object or except" but believed that the court's conduct was "so prejudicial that it constitutes reversible error in that such interrogation was leading, suggestive and called for a conclusion upon the very part of the testimony needed by the State to show a proper predicate" for the introduction of the dying declarations. A further examination of said bill number five leads us to conclude that no error appears.

We observe that in regard to the argument complained of in bill of exception number six, referred to in our original opinion, the trial court directed the jury not to consider same. In view of the punishment inflicted we remain of opinion that we would be unwarranted in predicating a reversal upon the argument complained of in any or all of the bills relating to that subject, as qualified and explained by the court.

The motion for rehearing is overruled.