The offense is murder without malice. The punishment assessed is confinement in the state penitentiary for a term of four years.
Appellant was indicted by the grand jury of Hunt County under Art. 802c, Vernon's Ann.P.C., with the offense of operating a motor vehicle upon a public highway while intoxicated and while under the influence of intoxicating liquor; that while so driving and operating such motor vehicle he did through mistake and accident kill Mrs. W. H. Robison by driving said motor vehicle into and against, and causing it to collide with an automobile occupied by Mrs. W. H. Robison. *Page 127 
His first complaint is that the court erred in declining to give his special requested instruction to the jury to acquit him. With this contention we cannot agree since there is evidence to the effect that he drove a motor vehicle upon a public highway in Hunt County while intoxicated; that he did cause his motor vehicle to collide with an automobile occupied by Mrs. Robison; that in the collision Mrs. Robison did sustain severe injuries from the effects of which she died about one week later. His sole defense was that he was not intoxicated; that the cause of the collision was entirely due to the fact that the steering apparatus of his motor vehicle was out of order; that when he drove at the rate of 25 or 30 miles per hour it would shimmy and run to the left side of the road; that it was hard to control.
His next complaint relates to the action of the trial court in permitting Cecil Owens to testify, in substance, as follows: Yes, Sir. I had a conversation with the Negro standing by the truck. I had been there about eight minutes before the ambulance arrived. I was standing about three feet from the Negro lying on the ground. The Negro I had a conversation with was standing on his feet. Yes, Sir, he made a statement there at the time. I said is he dead, meaning defendant, the Negro standing replied, No, he is not dead. I asked him how it happened and he said, Well, it just got to swaying on us, I tried to get him to let me drive, but he would not let me. It just swayed and got out of control. Appellant objected to this testimony and requested the court to withdraw it from the jury. He based his objection thereto on the ground that the statement purportedly made to the witness by the Negro standing within three feet of appellant, who was lying down, was not admissible since it was not shown that he, appellant, was conscious and heard the statement and therefore he was not in the presence and hearing of appellant; that the statement was highly prejudicial and no part of the res gestae. The Negro who made the statement complained of was riding in the motor vehicle with appellant at and before the collision and his statement related to what occurred immediately preceding and at the time of the collision and was a part of the transaction and therefore a part of the res gestae and was admissible. See Jeffries v. State, 9 Tex. App. 598[9 Tex.Crim. 598]. Moreover, the bill is qualified by the court and as qualified fails to reflect any error.
He next complains because the court in his charge instructed the jury as follows: 'You are charged that the defendant in this case, Harvey D. Jennings, cannot be convicted of the offense with which he is charged unless you believe from the evidence beyond a reasonable doubt that the death of Mrs. W. H. Robison occurred as a result of the injuries sustained by her in the collision in question.' Appellant objected to this charge on the ground that it was incomplete and fails to inform the jury that if they believed from the evidence or had a reasonable doubt thereof that the death of Mrs. W. H. Robison occurred by or through some new or independent cause or causes, and not directly from the injuries sustained in the collision that the jury should acquit him. We will not here restate in detail all of the testimony relating to the injuries which she received, nor the opinion of one of the attending physicians who first treated her, since we deem it sufficient to briefly state the substance thereof. That she received severe head injuries is uncontradicted. Dr. Charles F. Shroeder testified that he treated her for the injuries when she arrived at the hospital in Greenville immediately after the collision. He testified as follows: That Mrs. Robison sustained a cut over the right eye three and one-half inches in length: that it went through the muscles overlying the skull; that it did not penetrate the skull but cut clear to the bone; that this was a serious wound; that she had a wound over the bridge of her nose and her right hip showed an area of discoloration; that she complained of tenderness in that area. Those were the major injuries which he noticed at the time. Dr. Shroeder further testified that the injury to her head may have caused a rupture of a blood vessel which caused blood to collect on the inside of her head causing pressure on the brain and nerves and this may have caused her death. That *Page 128 
she was in good health just prior to the time of the collision is uncontroverted. It occurs to us that the evidence raised an issue of fact as to whether or not she died as a result of the injuries which she sustained as a result of the collision or some other cause, and this issue of fact the jury decided adversely to him. It is not necessary that the cause of deceased's death be established by direct evidence. It may be proved by circumstances. See Tex.Jur., Vol. 22, page 726, Sec. 172; and Byler v. State, 106 Tex.Crim. R., 294 S.W. 205.
By Bill of Exception No. 3 he complains of paragraph eight of the court's charge which reads as follows: 'You are charged that the defendant in this case, Harvey D. Jennings, cannot be convicted of the offense with which he is charged unless you believe from the evidence beyond a reasonable doubt that the death of Mrs. W. H. Robison occurred as a result of the injuries sustained by her in the collision in question.' His objection thereto was that it was incomplete and fails to inform the jury that the death of Mrs. Robison occurred by or through some new or independent cause or causes, and not directly from the injuries sustained in said collision, to acquit him. It will be noted that the court's charge definitely and specifically required the jury to believe from the evidence beyond a reasonable doubt that her death was caused by the injuries which she received in the collision. The trial court qualified the bill by appending thereto the following qualification: 'The evidence shows that Mrs. Robison's forehead was split open and was bleeding awfully.' Mr. Robison testified, 'My wife was carried to Dr. Becton's hospital. She remained there from Sunday afternoon (August 8th, 1948) until 5:30 P.M. Monday afternoon. My wife showed evidence of pain subsequent to the accident. She complained of a pain in her chest and between her shoulders — constant pain, never did get it relieved. On Monday afternoon following the accident on the previous day, I took her home to Hugo, Oklahoma. She was confined in her bed * * *. We had Dr. E. A. Johnson and he made from one to two trips a day to see her from the time I got home until her death. My wife died on the following Monday, August 16th.' We see no need to further quote from the lengthy qualification of the bill by the court. We find no evidence in the record raising the issue of an intervening cause; and appellant, in his bill of exception, nor in his brief, does not direct our attention to any evidence which would call for an instruction on the question of an intervening cause. We therefore overrule his contention.
What we have said in disposing of Bill of Exceptions No. 3 applies to his bills Nos. 4 and 5.
Appellant's next complaint relates to paragraph No. 4 of the court's charge which reads as follows: 'You are further instructed that before the defendant, Harvey D. Jennings, can be convicted of the offense with which he is charged, you must believe from the evidence beyond a reasonable doubt that the collision involved in this case was caused by reason of the defendant, Harvey D. Jennings, then and there being intoxicated or under the influence of intoxicating liquor.' His objection to this charge was that the court failed to instruct the jury that although they believed from the evidence that defendant was intoxicated, he would not be guilty of the offense charged if the jury finds and believes from the evidence, or have a reasonable doubt thereof, that the defendant was then and there operating his said truck in a manner that same would be operated by a person not so intoxicated. We note that the court, in paragraph five of his charge, which immediately followed paragraph four, instructed the jury: 'If the evidence introduced before you during the trial of this case raises a reasonable doubt in your minds as to whether the collision in question was caused on account of the defective condition of the mechanism of the motor vehicle referred to by the witnesses yoy will resolve such doubt in favor of the defendant and acquit him.' It appears to us that the foregoing charge by the court, to which no objection was urged, is sufficient on the subject as to whether or not the collision was caused by the defective mechanism. *Page 129 
All other matters not specifically discussed have been examined and are overruled.
No error appearing from the record, the judgment of the trial court is affirmed.
Opinion approved by the Court.
 On Motion for Rehearing