## JOE B. TELLEZ V. STATE

No. 27,902. December 14, 1955.

Appellant's Motion for Rehearing Denied (Without Written Opinion)
February 1, 1956.

*Mike Beard,* Waco, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

Appellant was convicted of murder and assessed punishment at confinement in the penitentiary for 35 years.

The state's testimony shows that the killing occurred on the night of February 2, 1952, at a place known as the Red Front in the city of Marlin in Falls County, Texas.

According to the state's witnesses, appellant shot the deceased, Robert Rivas, while he (deceased) was engaged in a fight with one, Torribio Vasquez, and a boy by the name of Soto. In giving their version of the shooting, the witnesses testified that after Vasquez and Soto started the fight, the deceased picked up a chair and while holding it in front of him, backed away; that after he had dropped the chair, Vasquez hit him on the head with a beer bottle, and while the deceased was still backing away, the appellant shot him.

Appellant, as a witness in his own behalf, testified that on the day of the shooting he came from Waco to Marlin to see his girl friend, in company with his companion, Vasquez, arriving there around noon; that the two frequented several beer joints during the afternoon and drank beer; that during the middle of the afternoon at one of the places, he saw the deceased, who at that time pushed him in the back and wanted to fight. He further testified that about a month before the shooting the deceased had threatened to kill him. In describing the shooting, appellant testified that the deceased started the fight with Vasquez, and after the deceased had broken a bottle and tried to cut him, he (appellant) told him to stop; that he reached in his pocket and tried to pull his gun, and that as he pulled the gun out, the deceased kicked it; that he did not know what happened, but he did not try to shoot the deceased.

Appellant's companion, Vasquez, corroborated his testimony relative to the facts surrounding the shooting.

Appellant insists that the evidence is insufficient to support the conviction because the state failed to prove the cause of the death of the deceased, and bases such contention upon the

fact that no witnesses positively testified that the death was caused by the gunshot wound inflicted by the appellant.

In homicide cases, the cause of death does not necessarily have to be established by direct evidence but may be proved by circumstances. 22 Tex. Jur. p. 726, sec. 172; Jennings v. State, 154 Tex. Cr. R. 211, 226 S.W. (2d) 126; Branch's Ann. P.C. sec. 1851.

Under the state's testimony, it is shown that the deceased was alive before being shot by the appellant, and that after the shooting he was dead at the scene with a bullet wound in his chest. There is no evidence of any other cause for the death of Robert Rivas, than the shot fired by the appellant. Proof of such circumstances was sufficient to establish that the cause of the death of the deceased was the gunshot wound received from the gun fired by the appellant.

By Bills of Exception Nos. 2 and 3, appellant complains of certain statements made by the prosecuting attorney in his argument to the jury.

Bill No. 2, as originally presented to the trial court, states that the state's attorney said:

"That they (the defense) were going to show these people from Falls County that they (the defense) could come into Falls County and put something over on those ploughboys here."

Upon appellant's objection thereto, the court instructed the jury not to consider the statement. The court, in qualifying the bill, certifies that the state's counsel, in answer to the argument made by appellant's counsel, stated that the defense counsel, with such weak argument, must think "they could come into Falls County and put something over on these plough boys."

We do not think that the statement complained of, as made under the circumstances shown in the court's qualification of the bill, was of such prejudicial character that the harmful effect thereof could not be removed by the court's instructions. Under the court's qualification, it is not only shown that the statement was made in answer to argument of appellant's counsel, but was merely criticism of them as to the position they had taken in their argument.

By Bill No. 3 it is shown that the court overruled appel-

lant's objection to the following statement of the prosecuting attorney:

"That we are going to show the people of Austin, Waco, Houston, and all Texas, that they are not going to come into Falls County and get away with things like this."

It is our opinion that such argument would not call for a reversal under the facts which show that appellant did come from Waco into Falls County armed with a gun on the day of the killing.

In Lewis v. State, 137 Tex. Cr. R. 197, 128 S.W. (2d) 798, this court held that the following argument of the district attorney did not constitute reversible error:

"Gentlement of the jury, by your verdict, you should show this negro and other negroes from Waco that they can't come out here in Knox County and kill one another without being punished."

Appellant sought a new trial on the ground of jury misconduct and alleged, in his motion, that subsequent to the trial, four of the jurors had stated to his attorneys that during their deliberation they had discussed a prior criminal case and the question of parole; that during the discussion it was stated that by giving appellant thirty-five years in the penitentiary he would be eligible for parole in ten or twenty years; that a Mexican in another murder case had received three or four years in the penitentiary and was paroled in eighteen months; and that during their discussion the statement was made that murder was getting cheap in Falls County.

It was alleged in the motion that the four jurors had refused to make affidavits to such statements, and the appellant attached to his motion the affidavit of his attorneys in verification of the statements alleged to have been made by the jurors. The state, in controverting the motion, attached to its answer the affidavits of the four jurors in which they stated in substance that the remarks alleged to have been made, if made, were only casually mentioned.

The four jurors named testified on the hearing of the motion for new trial.

Juror Allen testified that during the deliberation a prior

criminal case against another accused was brought up but only casually mentioned, and that he did not remember what the case was or anything about it.

Juror Sheef testified that he did not remember of another case being discussed but that the question of parole was casually mentioned.

Juror Houston testified that the question of parole was mentioned and also another case, and that something was said about murder being cheap in Falls County; that when the parole was mentioned someone said that it was none of the business of the jury, and it was not further discussed.

Juror Self stated that someone said, "They had been awfully light in the county on murder cases," but that the statement was made after the jury had reached a verdict of thirty-five years.

The testimony of the jurors does not disclose such misconduct as to call for a reversal. Under their testimony, it is shown that the question of parole and the mention of another case was only by a casual reference.

The remark relative to being light on murder cases in the county did not constitute jury misconduct. Under the testimony of Juror Self such remarks were shown to have been made after the jury had reached its verdict. Garver v. State, 158 Tex. Cr. R. 585, 258 S.W. (2d) 812.

The evidence is sufficient to support the conviction, and the judgment is affirmed.

Opinion approved by the court.