## JULIUS MORRIS v. STATE.

No. 30,499. March 11, 1959.
Motion for Rehearing Overruled April 22, 1959.

30

*Harkness & Friedman,* by *Harry B. Friedman,* Texarkana, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for murder without malice; the punishment, 5 years.

The evidence is undisputed that on the night in question the appellant stabbed the deceased with a butcher knife. The stabbing occurred in front of a house occupied by the appellant as the two were walking on a sidewalk. According to the state's witnesses the deceased was making no attack upon appellant and after appellant stabbed the deceased, the deceased fell, crawled to the steps of a house nearby and the appellant ran. After the stabbing Officer L. C. White came upon the scene and found the dead body of the deceased lying on the steps with one wound over an eye and another wound in the shoulder. It was further shown that when Officer White arrived at the scene the appellant fled and hid under a house where he was arrested by the officer and carried to jail.

Appellant's voluntary written confession made to the district attorney after his arrest was introduced in evidence in which he stated that around midnight on the night in question Gertrude Ivory, a woman with whom he lived, "woke me up and told me that some man had been messing with her;" that she pointed out the man to him and "I got mad and decided that I would do something about it. I took a butcher knife which I keep under my bed. I then went out where the man was and

ask him what was the matter. He said something but I did not understand him. He started walking off and I started after him and as soon as I caught him I stabbed him with the butcher knife. When I stabbed him he fell and then I stabbed him again. I still had the knife when the officers arrested me."

As a witness in his own behalf appellant testified that on the night in question he was awakened by Gertrude Ivory who told him that a man had grabbed her; that he went to the door where a man was standing in the hall who he later learned was the deceased; that he asked the deceased what he was doing and the deceased replied that "he was going to get Gertrude out of there or either kill me;" that he then followed the deceased outside "to scare him away and that is when I stabbed him." Appellant testified that he did not intend to stab the deceased but admitted that he did stab him one time over the eye. Appellant further testified that while in the house the deceased called him a black S.O.B. and ran his hand in his bosom and "I thought he was going to kill me."

Appellant insists that the court erred in overruling his motion for an instructed verdict because there was no competent evidence that the deceased died from wounds inflicted by the appellant and in support of his contention calls attention to the fact that the state did not present any expert testimony from a doctor or undertaker as to the cause of death of the deceased. While proof thereof may be made by the expert opinion of a doctor or undertaker, opinion evidence is not the only mode of establishing the cause of death of a deceased. The cause of death may be proved by circumstances. 22 Texas Jur. par. 172, page 725; Tellez v. State, 162 Texas Cr. Rep. 456, 286 S.W. 2d 154. The evidence in the instant case is undisputed that on the night in question appellant stabbed the deceased with a butcher knife; that the deceased fell and crawled to the steps of a house nearby where he was later found dead by Officer White with two wounds on his body. It was shown by the testimony of the deceased's brother that the deceased was in good health and there is no evidence of any other cause for the death of the deceased. Such evidence was sufficient to establish that the cause of death of the deceased was from a stab wound inflicted by the appellant. See Tellez v. State, supra.

Appellant makes certain complaints to the court's charge.

It is first insisted that the court erred in refusing to charge

on circumstantial evidence because there was no direct evidence that the deceased died of wounds inflicted by the appellant.

The rule is well settled that in prosecutions for murder where there is direct evidence from any source that the accused killed the deceased, a charge on circumstantial evidence is not required. See Branch's Ann. P.C., Sec. 2050, page 358 and cases there cited. It is further the rule that if the facts proved are in such close juxtaposition to the main fact to be proved as to be equivalent to direct testimony, a charge on the circumstantial evidence is not required. 4 Branch's Ann. P.C., Sec. 2050, pages 358 and 359. Recently in Chapin v. State, No. 29,975, opinion delivered November 12, 1958, 166 Texas Cr. Rep. 390, 320 S.W. 2d 341, the juxtaposition rule was reaffirmed by this court in a prosecution for murder in holding that a charge on circumstantial evidence was not required. The facts proved in the present case are in such close juxtaposition to the main fact sought to be proved, i.e. that appellant killed the deceased, as to be equivalent to direct testimony that appellant inflicted the fatal injury to the deceased. Under the record a charge on circumstantial evidence was not required.

The court instructed the jury on the appellant's right to defend himself or Gertrude Ivory against an unlawful attack by the deceased which produced in his mind a reasonable expectation or fear of death or serious bodily injury to himself or Gertrude Ivory and also on the appellant's right to defend his home.

Appellant complains of the charge because it did not instruct the jury that appellant had the right to kill the deceased to prevent rape of Gertrude Ivory. We find no evidence in the record raising the issue. Appellant, in his testimony, nowhere stated that he thought the deceased was attempting to commit rape. The right to kill for the purpose of preventing rape is conferred by Art. 1222 V.A.P.C. Sec. 2 of the statute provides: "The killing must take place while the person killed was in the act of committing the offense, or after some act done by him showing evidently an intent to commit such offense." Clearly, at the time appellant stabbed the deceased the deceased was making no attempt to rape Gertrude Ivory. The testimony that prior to the stabbing the deceased had grabbed Gertrude Ivory and had been "messing" with her was insufficient to infer an intent on the part of the deceased, a man 76 years of age, to commit rape.

Appellant insists that the court's charge on his right to de-

fend himself or Gertrude Ivory was erroneous because it did not include an instruction on the appellant's right to defend against a milder attack. Appellant made no objection to the charge for failing to so instruct the jury. Furthermore, the issue of appellant's right to defend against a milder attack was not raised by the evidence. We overrule the contention.

Appellant's last contention is that the court erred in refusing his request to be tried by a special venire. A similar contention was presented in Johnson v. State, 167 Texas Cr. Rep. 289, 319 S.W. 2d 720, on appeal from Bowie County and overruled by this court under the provision of Art. 601A V.A.C.C.P. which authorizes a judge in certain counties to grant or refuse a motion for a special venire in a capital case.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.