## JOHN TURNER V. STATE

No. 31,428. February 3, 1960

*Robert H. Cowie,* Houston, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Gus J. Zgourides,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge

The conviction is for the unlawful possession of a narcotic drug; the punishment, life imprisonment.

The state's testimony shows that on the night in question, Officers Stringfellow and Gray of the Narcotics Division of the Houston Police Department, armed with four warrants

for the appellant's arrest, went to the appellant's home at 2614 Grayson Street, in company with a colored man by the name of James Hall. When they arrived Hall knocked on the door and was admitted into the house by the appellant while the two officers remained outside on the porch where they could see and hear what transpired inside. After being admitted inside, Hall asked appellant if he had "any more" marijuana to which appellant replied that he did and asked how much he wanted. Upon Hall's reply that he wanted ten cigarettes, appellant reached under the pillow of his bed and secured some cigarettes which he began counting. Thereupon the two officers entered the room and Officer Gray grabbed the appellant's hand and took nineteen cigarettes therefrom. It was shown by the testimony of Chemist Floyd McDonald that each of the nineteen cigarettes contained marijuana. It was also shown by the witness Hall that on four previous occasions he had purchased marijuana from the appellant.

Testifying as a witness in his own behalf, appellant denied that he possessed the nineteen marijuana cigarettes and stated that it was the witness Hall who had the cigarettes. Appellant also testfied that he did not know the witness Hall and that he had never seen him before the night in question.

Appellant's sole contention is that the court erred in overruling his amended motion for new trial on the ground of alleged jury misconduct.

In his motion appellant alleged that during its deliberation the jury received other evidence when an unidentified juror related his business experience in going to homes of Negroes and stated in substance that invariably he would be refused admittance and be required to identify himself and state his business before being admitted. No affidavits of any of the jurors were attached to the motion but the affidavit of appellant's counsel was attached in which he swore that he had talked to three of the jurors who served in the case who stated that such a statement was made but that they had refused to make affidavits to such effect.

Upon the hearing three of the jurors testified. From their testimony it appears that during the jury's deliberation, the exact point of time not being shown, one of the jurors stated that in his business experience in going to Negroes' homes he was not

admitted until it was determined who he was. While jurors should not relate their personal experiences during their deliberation upon a jury, it is not every statement made during their deliberations that requires a reversal of the case. In Collier v. State, 164 Tex. Cr. R. 91, 297 S. W. 2d 160, this court said: "A juror's statement during the jury's deliberation, to require reversal, should be such that reason and common sense can see it was harmful to the accused. Howard v. State, 122 Tex. Cr. R. 371, 55 S. W. 2d 1048." Under the record we perceive no injury to the appellant by reason of such statement of the juror. It was undisputed that appellant admitted the witness, Hall, into his home without his identifying himself. The condition upon which Hall may have been admitted had no bearing upon the issue of appellant's possession of the marijuana cigarettes. Futhermore the record does not show that appellant was a Negro. In overruling the motion for new trial the court did not err.

The judgement is affirmed.