Pleze James **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 43414.

Court of Criminal Appeals of Texas.

Feb. 3, 1971.

Rehearing Denied March 24, 1971.

Herbert H. Landau, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., Edgar A. Mason and W. T. Westmoreland, Jr., Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for murder with malice. The punishment was assessed by the jury at 50 years. .

The evidence shows that on the evening in question, May 22, 1967, several persons were at appellant's apartment in Dallas, Texas. Among those present were: Pleze James Williams, the appellant; Rosie Mae Daniels, the deceased; Vera Franklin; and Gerald Washington.

Vera Franklin testified that she and Gerald Washington went to a bedroom and sat on the bed talking for about 30 minutes, then she went to the bathroom and opened the door to go in. As she opened the door, she heard appellant inside the bathroom talking to the deceased. She saw appellant standing there holding a gun, and as she entered, he raised the gun and held it "up toward her (the deceased's) face." She heard him say that " * * * he would blow her brains out if she didn't do something." She further testified that

the three of them stood there in the bathroom for some three to five minutes, during which time the appellant held the gun pointing toward the face of Rosie Mae Daniels. The gun then went off, and she started falling to the floor. Appellant carried her to a bedroom and placed her on the bed and told someone to call an ambulance. He stated that the shooting was an accident. He then ran out of the apartment with the gun in his pocket.

Officer G. F. Rose, of the Dallas Police Department, testified that he went to the apartment on the date in question, arriving there at about 9:30 P.M., and investigated the shooting. He stated that Rosie Mae Daniels had a gunshot wound in her head near the left temple, that she was alive at that time but unconscious. She was taken to a hospital by ambulance. The next day, Officer Rose went to the hospital and identified the deceased. The officer arrested appellant a short time later.

The appellant, testifying in his own behalf, admitted that he shot Rosie Mae Daniels but said he did not intend to do so and that the shooting was an accident. He testified that he was changing the gun from hand to hand when it went off. He admitted that he had been convicted of five prior felonies.

By his first and second grounds of error, appellant contends the state failed to prove the cause of death. He objected to the trial court's charge because the court refused to charge on circumstantial evidence as to cause of death. We overrule these contentions. No expert opinion evidence was introduced but cause of death may be shown by other means. Morris v. State, 168 Tex.Cr.R. 29, 322 S.W.2d 632; Tellez v. State, 162 Tex.Cr.R. 456, 286 S.W.2d 154. The appellant admitted shooting the deceased. Officer Rose identified the body at the hospital. Testimony revealed that she was an 18 year old girl and no evidence of bad health or other cause of death was shown. Under the

record, a charge on circumstantial evidence was not required. Morris v. State, supra; Chapin v. State, 167 Tex.Cr.R. 390, 320 S.W.2d 341.

Appellant next contends that the evidence was insufficient to support the verdict of guilty; that no malice was shown and the shooting was an accident. With this contention we do not agree. The evidence was sufficient to support the jury's finding of malice from the words spoken and the acts done. The defense of accident was submitted to and rejected by the jury. The submission of the defensive theory and appellant's testimony render inapplicable the general rule as to exculpatory statements. Bruce v. State, Tex.Cr.App., 402 S.W.2d 919.

No reversible error being shown, the judgment is affirmed.