**Joseph Winston DUFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47016.**

Court of Criminal Appeals of Texas.

Jan. 16, 1974.

Rehearing Denied Feb. 6, 1974.

John S. Beeson and Buddie J. Hahn, Vidor, for appellant.

Tom Hanna, Dist. Atty., and Stephen M. Rienstra, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DICE, Commissioner.

The conviction is for murder without malice under Art. 802c of the Vernon's Ann. 1925 Revised Penal Code; the punishment, two (2) years.

Proof was offered by the State which showed that on the day in question a collision occurred between a pick-up truck driven by appellant and another pick-up truck owned by the deceased and in which he was riding. The collision occurred as the two vehicles were travelling in the same direction on Hildebrant Road in Jefferson County when the appellant's vehicle struck the deceased's truck from the rear. Witnesses who arrived after the collision found two persons dead at the scene including the deceased who was lying in a ditch near his truck which had been rolled

over on its side. Photographs introduced in evidence showed heavy major damage to both vehicles. Appellant, in his testimony relative to the scene, stated, "This is nothing but a rice field and a deep ditch, so deep that people drowned." It was stipulated by the parties at the trial that the deceased named in the indictment died "on or about March 9, 1970, in Jefferson County, Texas."

■ We overrule appellant's grounds of error numbers one and two wherein he contends that the court erred in failing to instruct a verdict of not guilty and grant a new trial because "there was no evidence introduced showing the cause of the death of the victim." Under the decisions of this Court the cause of death may be proved by circumstantial evidence. Tellez v. State, 162 Tex.Cr.R. 456, 286 S.W.2d 154; Morris v. State, 168 Tex.Cr.R. 29, 322 S.W.2d 632, and Taylor v. State, Tex.Cr.App., 489 S.W.2d 890. The facts and circumstances proven are sufficient to show that the deceased's death was caused by the collision of the two vehicles.

In his third and fourth grounds of error appellant insists that the court erred in allowing testimony as to the results of a breathalyzer test administered to him after the collision which showed that his blood alcohol content was 0.21%.

■ It is appellant's contention that the State failed to meet the first two requirements set out in Hill v. State, Tex.Cr.App., 396 S.W.2d 873, by showing that the chemicals used were compounded to the proper percentage for use in the machine and that the operator and the machine were under the periodic supervision of one who had an understanding of the scientific theory of the machine.

Appellant first objected to any evidence showing results of the breathalyzer test in a motion in limine which was heard by the court in the jury's absence and by the court overruled. At such hearing testimony was adduced by appellant to the effect that Larry Eugene Fogelman was the chemist employed by the Texas Department of Public Safety in charge of the Beaumont, Jefferson County, area on March 9, 1973, when appellant was administered the test. Subsequently, Fogelman terminated his employment with the department and was succeeded by John Bateman as chemist in charge. Bateman swore that he did not test the solution used in the test of March 9, but that the records showed that chemist Fogelman, the supervisor in charge, did test the solution and found that it was within tolerance.

Highway Patrolman Jim Bob Brown testified before the jury that on March 9 he had occasion to investigate the accident in question and on such occasion formed his opinion that appellant was intoxicated. He stated that appellant voluntarily submitted to a breathalyzer test; that he, the witness, had been trained to give such a test and did run the test on appellant which showed alcohol content of 0.21%. He further stated that he ran a simulator check on the machine which indicated the machine was operating correctly.

Chemist Bateman, recalled as a witness before the jury, identified a Breathalyzer Log Sheet and Preventative Maintenance Check List which were admitted in evidence as State's Exhibits 8 and 9 as records made in the regular course of business of the Department of Public Safety in the Beaumont station which showed that the machine was checked by chemist Fogelman and found to be within tolerance.

Under the record we are unable to agree that the proof failed to show that the chemicals used in the machine were not compounded to the proper percentages or that the operator and the machine were not under periodic supervision of one who had an understanding of the scientific theory of the machine. In admitting the testimony the court did not err. The grounds of error are overruled.

We overrule appellant's fifth ground of error in which he insists the court erred

"in allowing into evidence State's Exhibits 8 and 9 for the reason that same were hearsay."

 No objection was made to the exhibits on the ground of hearsay, the objection being that no proper predicate had been laid. The proof showed that the exhibits consisted of records made in the regular course of business in the office of the Department of Public Safety in Jefferson County, and were, therefore, admissible as official records under Art. 3731a, Vernon's Ann.Civ.St.

The judgment is affirmed.

Opinion approved by the Court.