**Ole S. PETERSEN, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–81–0636–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1981.

**678**

Paul R. Lawrence, Houston, for appellant.

Jim Mapel, Angleton, for appellee.

Before DUGGAN, WARREN and PRICE, JJ.

PRICE, Justice.

The appellant was convicted of involuntary manslaughter. The jury assessed punishment at 10 years confinement and a fine of $3,500.00, and recommended probation.

The record reflects that the appellant was driving toward Houston on Highway 35 in Pearland. He was swerving back and forth, and in doing so hit the truck driven by Bessie Collins, causing her to drive across the center line into the path of an oncoming vehicle driven by Sara McAtee. A head-on collision resulted, and both Mrs. Collins and Mrs. McAtee were killed. A breathalyzer test taken by the appellant shortly after the accident indicated a .16 blood-alcohol concentration.

· In his first ground of error, appellant challenges the sufficiency of the evidence relating to the cause of death of Bessie Collins. He bases this contention on the absence of expert medical testimony and the fact that no autopsy was performed.

At 29 Tex.Jur.2d, Homicide, Sec. 180, P. 282, it is written:

Opinion evidence is not the only mode of establishing the cause of the decedent's death; circumstantial evidence may fully suffice for this purpose. It is not necessary to establish by the testimony of a physician the fact that the wounds inflicted by the defendant caused the death; it is sufficient if it appears from all the evidence that the wounds were sufficient to cause death, and that the death occurred within a reasonable time after the wounds were inflicted. It is permissible to show the good health of the deceased prior to ... [an accident] ..., his condition thereafter and his subsequent death. *Hines v. State*, 515 S.W.2d 670 (Tex.Cr.App.1974). *See also Williams v. State*, 464 S.W.2d 114 (Tex. Cr.App.1971); *Morris v. State*, 168 Tex. Cr.R. 29, 322 S.W.2d 632 (1959).

The record indicates that Justice of the Peace Henry Whitt arrived at the scene of the accident during the investigation and examined the deceased, Bessie Collins, before she was removed from her vehicle. After finding no pulse, he moved her head and concluded that she had a broken neck. He then examined the body of Sara McAtee and determined she died as a result of a broken neck and a crushed chest.

Henry Whitt has served as Justice of the Peace for Brazoria County for ten years. During that time he has functioned as a coroner conducting inquests to determine causes of death. In addition to his personal experiences, Whitt annually attends a school that teaches those in his profession how to conduct inquests. Brazoria County has no medical examiner.

■ Whitt's testimony concerning the cause of death of Bessie Collins is not inadmissible due to his lack of medical expertise, but is subject only to the relative weight the jury desires to give it in light of any other evidence concerning the cause of death.

Scene photographs, depicting the condition of the bodies and the vehicles after the collision, were introduced into evidence. These were significant in assisting the jury in evaluating Whitt's testimony concerning the cause of death, as they indicate the violent and destructive nature of the collision.

Jule Bertothy, a close friend of the deceased, Mrs. Collins, testified that he had seen her two or three hours before the accident and that she was in very good physical shape. He also stated that if Mrs. Collins had any medical problem she would have discussed it with him, as she frequently confided in him.

■ To establish a fact by circumstantial evidence, all of the circumstances relied on must have sufficient probative force to establish the basis of a legal inference, and it is not sufficient if they raise a mere suspicion of the existence of the fact or cause a purely speculative conclusion.

The appellant's contention that it is possible that Bessie Collins died as a result of a heart attack is totally speculative in light of the evidence. There is no evidence that has any probative force from which such a legal inference can be drawn.

■ We therefore conclude that the combined and cumulative force of all of the circumstances is sufficient to reach the conclusion that Bessie Collins met her death as a result of wounds suffered in a collision caused by the appellant. The first ground of error is overruled.

The appellant's second ground of error addresses the status of the $3,500.00 fine assessed by the jury. The appellant contends that the fine should be probated under the jury's verdict, and not paid as a condition of probation as indicated by the trial court judge.

The jury verdict reads:

We, the jury, having found the defendant guilty of the offense of Involuntary Manslaughter, assess his punishment at confinement in the Texas Department of Corrections for a period of 10 years, and in addition to such confinement, we assess a fine of $3,500.00; and we, the jury, having assessed the punishment of the defendant at not more than ten (10) years confinement in the Texas Department of Corrections, and having further found that he has never been convicted of a felony in this or in any other state, we do recommend that the imposition of his sentence be suspended and that he be placed on probation for 10 years.

/s/ Bertram Dykes

■ We agree with appellant; the fine should be probated. To do otherwise would be to disregard the mandatory provision of Tex.Code Crim.Pro.Ann. art. 42.12 § 3a providing that "probation shall be granted by the court if the jury recommends it in their verdict." *Shappley v. State*, 520 S.W.2d 766 (Tex.Cr.App.1974).

As reformed the judgment is affirmed.