JOHN HILTY v. THE STATE.

No. 14701.   Delivered February 3, 1932.
Rehearing Denied May 18, 1932.

The opinion states the case.

*J. S. Bracewell,* of Houston, for appellant.

*O'Brien Stevens,* Criminal District Attorney, and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Appellant was convicted of the unlawful practice of medicine and his punishment was assessed at a fine of $50 and one day in jail.

The evidence, without conflict, was to the effect that the appellant treated a boy, Fred Tholen, who was afflicted with St. Vitus' dance, after examination, for misalignment of certain joints of the vertebrae and spine. Appellant was known as a chiropractor; that for the treatment he gave the boy he charged, and was paid, compensation.

Bill of exception No. 1 raises the question of a material variance between the allegations of the information and the undisputed evidence. The information charged the appellant with having treated Fred Tholen and further did then and there receive from the said Fred Tholen money therefor. The evidence showed that the said Fred Tholen's mother carried him to the appellant and arranged with him for chiropractic adjustments and agreed to pay appellant $1 for each adjustment and that the appellant

did treat said boy and she continued to carry her son to the appellant for other treatments and in all paid appellant approximately $30 for such adjustments. It is conceded in appellant's brief that the statute does not designate from what sources the money must be received or charged and that it was unnecessary to make such allegations in the complaint, but having done so it is descriptive of an essential element of the offense and consequently was necessary to be proven as alleged. The boy treated was a boy of twelve years of age and could not make a valid contract and his mother having made such agreement was legally liable therefor. It is a well established principle of law that all of the material facts which constitute the offense charged must be stated in the indictment and they must be proven in evidence, but allegations not essential to such a purpose which might be entirely omitted without affecting the charge against the defendant and without detriment to the indictment are considered as a mere surplusage and may be disregarded in evidence, but no allegation, whether it be necesary or unnecessary, whether it be more or less particular, which is descriptive of the identity of that which is legally essential to the charge in the indictment can ever be rejected as a surplusage. Warrington v. State, 1 Texas App., 173. It was not legally essential, under subdivision 2, article 741, Penal Code, to allege from whom appellant received the money for said treatments, and such allegations could have been omitted without affecting the charge against the appellant and without detriment to the information, and can therefore be considered as mere surplusage and may be disregarded in evidence.

By bill of exception No. 5, it is shown that upon the trial of the case the appellant contended that he was not engaged in the practice of medicine but in the practice of chiropractory and that the practice of chiropractory was a distinct science entirely different from the practice of medicine. The bill further shows that the court charged the jury that if they believed that he engaged in the practice of medicine in violation of the provisions of the law and did then and there receive from the said Tholen money therefor, they would convict him and fix his punishment according to the statute. The appellant excepted to the charge because it did not affirmatively charge the jury that if they believed or had a reasonable doubt that he was engaged in chiropractory and the same did not constitute the practice of medicine, they should acquit him, and asked a special instruction to that effect. The facts constituting the elements of the offense and its commission by the appellant were testified to by witnesses for the state; they were not contradicted by any testimony offered by the appellant. The evidence showed without controversy that the appellant treated the boy, Fred Tholen, seeking to adjust the vertebrae of his spine, for which he was paid approximately $30. It was also shown by the uncontradicted testimony that the appellant had not filed with the district clerk in the county in which he resided any certificate of authority

to practice medicine, as provided by law. There being no controversy over the facts, it became a question of law and not of fact, and the special charge requested was an attempt to have the jury pass upon a question of law and not a disputed issue of fact. For that reason we regard the complaint made of the failure to give such special charge to the jury as presenting no reversible error.

Bill of exception No. 2 complains of the sufficiency of the information. The information is substantially the words of the staute and the contentions herein made as to the sufficiency thereof have been decided adversely to appellant in the case of Roberts v. State, 119 Texas Crim. Rep., 370, 45 S. W. (2d) 595, opinion delivered November 13, 1931, in which a motion for rehearing has been overruled.

We have carefully examined the other bills of exception and the same do not present reversible error.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—Upon a review of the record in the light of the appellant's motion for rehearing, the conclusion has been reached that on the original hearing the proper disposition of the appeal was made and that a further discussion · of the matters involved is not required.

The motion is overruled.

*Overruled.*