## LIONEL LEO LANDRY V. STATE.

No. 25329, June 20, 1951.
Rehearing Denied October 10, 1951.

Hon. B. G. Moffett, Judge Presiding.

*Thurman Lee Mulhollan*, and *Fred H. Woodward*, Corpus Christi, for appellant.

*John Young,* County Attorney, and *Elmer H. Theis,* Assistant County Attorney, Corpus Christi, and *George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

Appellant was convicted of negligent homicide in the second degree, and his punishment was assessed by the jury at a fine of $2,000.

The complaint and information alleged that the death of Ensign Lois Emfinger was caused by negligence and carelessness of appellant in driving an automobile on his left side of the highway in violation of Art. 801(A), Vernon's Ann P.C. and there colliding with an automobile in which the deceased was a passenger.

Motion to quash the complaint and information was filed, the ground being that there was no averment to the effect that there was no intention to kill as required by Art. 1235, P.C., which article reads as follows:

"No apparent intention to kill

"To bring the offense within the definition of negligent homicide either of the first or second degree, there must be no apparent intention to kill."

The complaint and information follow closely Form No. 539, Willson's Texas Criminal Forms, 5th Ed., and allege that in the performance of the unlawful act alleged therein, appellant by negligence and carelessness caused the death of the deceased in a collision of the automobile he was driving with the one occupied by the deceased. It was also averred that there was apparent danger of causing such death, which danger would have been known to appellant if he had used ordinary care and prudence.

Such allegations sufficiently apprized appellant of the charge against him so as to enable him to plead the judgment in bar to another prosecution for the offense. It is apparent from the language used that no intent to kill on the part of appellant was claimed by the state. The trial court charged the jury as to the provisions of Art. 1235, P.C., and it would have been proper for the allegation to have been made in the complaint and information.

Such negative allegation would, however, have added nothing to the state's burden, nor would it have been helpful to appellant, therefore reversible error is not shown.

The testimony shows that a car being driven on the left side of the highway at a speed of 50 or 60 miles an hour forced one approaching car to leave the highway and collide head-on with another. There were no other cars on the highway in the vicinity of the collision at that time.

Immediately after the collision, the lady whose car was forced from the highway and who heard the crash investigated and found that two people were in the car which had approached her.

Upon arrival of the ambulance, appellant was sitting under the steering wheel of the car being driven on its left side of the highway, the two wrecked cars being head-on and in contact. An unidentified woman was seated beside appellant in that car.

The second car involved in the collision was not occupied when the ambulance arrived.

Three persons described as "patients" were loaded into an ambulance at the scene of the collision, and were pronounced dead after arrival at the Naval Hospital.

Hospitalman Keegan, who accompanied the ambulance driver, testified that he administered first aid to all those involved in the accident whom he described as being appellant and his companion, the three ladies who were sent to the hospital and then to the morgue, and one other person who was so seriously injured that he suffered a lapse of memory and was unable to testify further than to say that he entered a car at the bowling alley and was injured in an automobile accident on the night in question.

The witness Keegan testified that he remained at the scene after sending the three to the hospital and administered to appellant and his companion in his car and the third remaining person whom he did not identify.

The body of one of the "patients" removed from the scene of the collision was identified at the morgue as being that of Ensign Lois Emfinger, the deceased, who, according to the dental officer who identified her body, had been bowling with him some two hours before the collision.

There is no testimony concerning the condition of the body of deceased as to injuries or wounds but in addition to describing her as a "patient" one of the witnesses testified without objection that he saw "the bodies of three people who had been killed in the accident."

Appellant did not testify, nor offer testimony in his behalf. No issue was raised by the testimony as to what caused the death of the deceased and there is no suggestion in the record of any possible intervening cause. She was apparently in good health a short time before the collision as she had been bowling and there is no explanation of the death of the three ladies other than their having been killed in the accident, as stated by the witness.

The evidence is deemed sufficient to show that the deceased died as a result of the collision. The circumstances show that the deceased was a passenger in the car with which appellant's car collided. That appellant was the driver of the car which collided with the second car and resulted in the death of the deceased, and that he was driving on the left side of the highway, as charged, seem inescapable from the evidence.

We overrule appellant's contention that the state failed to establish the corpus delicti, as well as the contention that the evidence is insufficient to sustain the verdict.

Appellant complains of the charge of the court because of the inclusion in the definition of an "unlawful act," "such acts not being penal offenses, as would give just occasion for civil action," whereas the complaint and information were based upon the penal offense of driving on the left side of the road as defined in Art. 801(A), Vernon's Ann. P.C.

No charge was prepared and submitted to the court presenting what appellant considered to be a proper definition of "unlawful act."

And the court having applied the law properly to the facts, we see no harm to appellant in the inclusion of another part of the statutory definition of "unlawful act." (Art. 1240, P.C.)

The most serious question raised is the failure of the trial court to charge upon circumstantial evidence.

Appellant urges that there is no direct evidence that the

criminal agency of appellant was the cause of the death of Ensign Emfinger; no direct evidence that appellant was the driver of the car involved in the collision; nor that the deceased was a passenger in the other car; and no direct evidence showing that deceased died as a result of the collision.

In a prosecution for murder or other grade of unlawful homicide, the main fact to be proved is that the accused killed the deceased. If it is only by a process of inference from other facts that such killing is proved, a charge on circumstantial evidence is required. If the accused admits the killing or if there is direct evidence from any source that the accused killed the deceased, then there is direct evidence of the main fact to be proved, and a charge on circumstantial evidence is not required.

We are inclined to hold that the facts proved by the state constitute direct evidence that appellant caused the death of the deceased by negligence and the failure of the trial court to charge the jury on the law of circumstantial evidence does not constitute reversible error.

The evidence being sufficient to sustain the conviction and no reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

MORRISON, Judge.

Appellant has favored us with a scholarly brief in which he again complains of the trial court's failure to charge on circumstantial evidence and the alleged failure of the state to prove the corpus delicti. We are much impressed with the strength of his argument but are confronted at the outset with the complaint upon which the prosecution was had, signed by Leo Gossett, and by his testimony. The complaint names the injured party. Gossett testified that he made an investigation at the scene of the accident and that at the clinic he saw "the bodies of three people who had been killed in the accident"; that he learned their identity at about 8:30, and then went straightway to the county attorney's office where he signed the complaint. Further, the witness Keegan testified that "he checked over all the patients who were involved in the accident" and after examining three women, he sent them to the hospital. He testified that he later took the bodies of the three women from the clinic to the morgue where the body of the deceased was identified.

We find no objection to any of this testimony. We feel that with this testimony the state made out its case as to the identity of the deceased at the scene of the wreck, at least until an issue was made of the same in the trial court.

This testimony, together with the evidence that appellant was found seated behind the wheel of one of the automobiles involved in the accident within a matter of minutes following the accident, established that appellant killed the deceased, which is the factum probandum herein.

In addition to the above, we have concluded that this is a case where the facts are in such juxtaposition one to another that only one logical conclusion may be drawn therefrom.

Remaining convinced of the soundness of our original decision herein, the appellant's motion for rehearing is overruled.