## R. E. DEMPSEY V. STATE

No. 28,143. March 14, 1956.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) April 25, 1956.

*A. W. Bell,* and *Marion G. Holt,* Nacogdoches, and *Billy Hunt,* Center, for appellant.

*Robert W. Murphey,* District Attorney, *Jack Varner,* County Attorney, *Clark Anderson* [Special Counsel], all of Nacogdoches, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for murder; the punishment, ten years in the penitentiary.

The testimony for the state shows that the appellant went from his farm to the Sitton farm and later while he, Sitton, and others were in the field, the deceased, who lived on an adjoining farm, came to see about the water pump which he owned jointly with Sitton. When they returned from the field, Sitton talked with the deceased at the pump house, then appellant came and the deceased spoke to him, and appellant said "My old cussing buddy;" the deceased did not respond, and appellant then said, "My old cussing buddy. You won't do that again," and the deceased replied, "Let's don't go into it or get into it," and then appellant shot the deceased in the side with a pistol, and turned and walked up the road to his home. It was further shown that the deceased did not have any weapon or make any sudden movements with his hands or advance toward appellant before he was shot. Appellant's written confession which was introduced in evidence states that he shot the deceased one time with a pistol.

Appellant, while testifying in his own behalf, stated that deceased for a long time had allowed his cattle to pass through the fence between them and damage his crops, refused to keep them out, declined to repair the fence, and had threatened to kill him many times when he drove his cattle back and asked him about fixing the fence; that he had insulted his wife and threatened to kill his family; that he had cursed him many times; and that numerous persons had told him of threats that he had made against his life.

Appellant further testified that he went to the Sitton place to inquire about an electric fence charger and carried the pistol along because he was afraid of the deceased. When he saw the deceased at the pump house, he said, "Well, you have followed me down here to give me a cussing, haven't you?", and the de-

ceased then "went to his pocket, throwed his arm up," and said, "Now listen here, by God, Rhee," and he (appellant) "jerked" his pistol out and that it accidentally fired; that he did not intend to kill the deceased, but wanted to keep him off of him until he could get away, and when his pistol fired, he went immediately to his home.

Appellant challenges the sufficiency of the evidence to show that the act charged against him was the cause of death of the deceased.

The testimony shows that the deceased, immediately prior to his death, had worked regularly for three and one-half years at the Lufkin Foundry and also operated a dairy; that he drove his car from his farm to the Sitton farm where he was checking a water pump at the time he was shot. An examination of the deceased at the scene revealed that he had no pulse after two minutes from the time he was shot; that the ambulance driver saw no signs of life and that he was pronounced dead by a doctor upon arrival at a hospital. The testimony points to no other cause of deceased's death than the shot fired by the appellant.

The facts and circumstances in evidence were sufficient to warrant and support the finding of the jury that the act of the appellant caused the death of the deceased as charged in the indictment. 22 Tex. Jur. 725, Sec. 172; Branch's Ann. P.C., 1029, Sec. 1851; Adams v. State, 158 Tex. Cr. R. 306, 255 S.W. 2d 513; Tellez v. State, 162 Tex. Cr. Rep. 456, 286 S.W. 2d 154.

Appellant complains of the showing of some pieces of clothing by the state's attorney to the sheriff while he was testifying for the purpose of identification before offering them in evidence.

Upon the witness' attention being directed to the clothing, appellant objected on the ground that there was no issue as to where the deceased was shot or the course of the bullet and that the clothing was inflammatory. At this time the jury was retired from the courtroom. After some discussion appellant's objection was sustained. Whereupon, appellant requested "That the jury be instructed to disregard the bringing of the clothes into the courtroom," which request the court declined, and appellant excepted.

The record does not show that the clothing was owned by

the deceased or that such was bloody and contained a bullet hole or that the jury saw the clothing.

Under the record, we perceive no error in declining to give the requested instruction to the jury.

We find the evidence sufficient to sustain the conviction, and no reversible error appearing, the judgment is affirmed.

Opinion approved by the Court.