## James Lightfoot v. State

No. 28,415. October 31, 1956.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) January 2, 1957.

*C. F. Steger,* Columbus, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The offense is murder the punishment, forty-five years' confinement in the penitentiary.

The state's testimony shows that the appellant and the deceased were present during a dice game at the rear of a beer tavern. Appellant was "fading" the game while another person was throwing the dice. An argument arose between appellant and the man throwing the dice as to the amount of money the appellant owed. The deceased, although not participating in the game, stated that appellant owed more money than claimed by the latter. They then cursed each other and, shortly thereafter, the appellant left the dice game and walked toward the deceased, shook his finger at him, cursed him, and said: "* * * if you speak to me again I will kill you." The deceased then picked up a soda water case weighing about six pounds and struck the appellant with it two or three times. Then someone caught the deceased and another person caught the appellant in an attempt to stop the difficulty. When the deceased raised the box to hit him again, the appellant took his gun from his pocket, shot it four times, and left in an automobile in which

he was arrested shortly thereafter with the .32 revolver in his possession.

Dr. Wooten testified that the deceased had a serious bullet wound in the left side of his neck; that in his opinion the bullet passed through the large group of nerves in the base of the neck and the trachial windpipe and lodged in the right armpit; that another bullet made a superficial wound in the abdomen; and that in his opinion the injuries were inflicted by a .32 caliber gun.

W. T. Gandy, Justice of the Peace, testified that upon examination of the body of the deceased he found two bullet wounds, one being on the left side of the neck and the bullet lodging in the right side of the chest, and the other wound being on the left side of the body about four inches below the lower ribs and the bullet penetrating the body and coming out the left side of the back. The witness also testified that the cause of death was internal bleeding due to gunshot wounds.

Appellant testified that while he was "fading" a dice game he and the deceased got into an argument; that later he left the dice game and as he walked toward the house some unknown person hit him across the back; that the deceased then hit him in the back with a soda water case and knocked him against the building; that while someone was holding him the deceased began beating him and he had the box drawn back to strike him again when he took his gun from his pocket and shot because he thought he was going to be killed or seriously injured; and that after he fired the last shot he left the scene.

On cross-examination, appellant identified the gun introduced by the state as belonging to him and testified that it was the one with which he shot the deceased; that he shot it four times; that he just shot to scare and was not shooting at anyone.

Appellant strenuously insists that the evidence is not sufficient to show that the act charged against him was the cause of deceased's death.

Dr. Wooten testified that he examined the deceased about fifteen or twenty minutes after he was shot and, except for the gunshot wounds, he appeared to be robust and healthy and that he saw no physical defects. W. T. Gandy, the aforementioned witness, testified that he examined the body of the deceased and

then related the facts which he found, and further testified that deceased's death was caused by internal bleeding due to gunshot wounds, as hereinbefore stated. The evidence does not reveal any cause for deceased's death other than the shots fired by the appellant.

The facts and circumstances in evidence are sufficient to warrant the jury's conclusion that the act here charged against the appellant caused the death of the deceased. 22 Texas Jur., Sec. 172; Branch's P.C., Sec. 1851; Adams v. State, 158 Texas Cr. Rep. 306, 255 S.W. 2d 513; Tellez v. State, 162 Texas Cr. Rep. 456, 286 S.W. 2d 154; Dempsey v. State, 163 Texas Cr. Rep. 96, 289 S.W. 2d 238.

Appellant contends that the uncontradicted evidence shows that in shooting the deceased he acted in self-defense.

The testimony is conflicting as to the action and conduct of the parties immediately prior to the shooting. Fact issues were therefore raised by the evidence.

The court charged the jury upon the law as applicable to self-defense and, in doing so, placed no limitation upon his right to defend himself.

Here, the attack relied upon by the appellant was not that with a deadly weapon, per se, or a weapon shown to be such by the mode and manner of its use.

The facts did not therefore warrant an application of the presumption arising by reason of Art. 1223, P.C.

To agree with appellant's contention that the undisputed facts showed a killing in self-defense would be to say, as a matter of law, that the facts so showed. This we are unwilling to do.

It must be remembered that to justify a homicide by reason of self-defense, the attack of the deceased must be such as produces a reasonable expectation or fear of death or serious bodily injury. Art. 1226, P.C.

Whether the appellant, in killing the deceased, believed that he was in danger of suffering death or serious bodily injury at the hands of the deceased was, under instant facts, for the jury to determine.

The jury rejected appellant's contention, and we cannot say, as a matter of law, that they were not justified in reaching that conclusion.

Finding no reversible error, the judgment is affirmed.