FRANCIS EARL BULLOCK V. STATE

No. 33,442.   May 24, 1961
Motion for Rehearing Overruled October 25, 1961

*Robert C. Benavides,* Dallas, for appellant.

*Henry Wade,* Criminal District Attorney, *Jack Pevehouse, George Milner* and *Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is negligent homicide; the punishment, a fine of $1500.

The complaint and information alleged that appellant was engaged in the performance of the unlawful act of operating an automobile "on Walton Walker Boulevard, at a point and place thereon between the City limits of the City of Dallas South of Jefferson Blvd., there situate, and Mountain Lake Road, in the City of Dallas * * *."

We overrule appellant's first contention and hold that this

was a sufficient allegation that the place referred to was in the city of Dallas.

The complaint and information further alleged, in part, that at such place and point appellant drove said automobile "at a rate of speed in excess of 50 miles per hour, the maximum lawful rate of speed at such place and point on said boulevard established by ordinance of the City of Dallas, a municipal corporation under the laws of the State of Texas" and while in the performance of said unlawful act, through negligence and carelessness, caused the death of John Motten Rhodes.

It was further alleged that appellant did so drive such motor vehicle that it, moving at such unlawful rate of speed, struck and collided with an automobile driven by one Lester David Huens, and following said collision and before the motion of the same was arrested, said vehicle driven by appellant struck and collided with a motor vehicle driven by Ann Sleeth, in which John Motten Rhodes was a passenger, and that John Motten Rhodes was thereby killed.

There was also allegation that "the body and person of the aforesaid John Motten Rhodes was then and there wounded, mangled and crushed."

The appellant summarizes the evidence in his brief, from which we quote:

"A summary of the State's evidence shows that on the early morning of May 13, 1959, appellant was driving a 1949 model Plymouth automobile north on Walton Walker Road in the city of Dallas, Texas, at a speed of between 70 to 90 miles per hour; that he first struck an automobile (front to back) driven by one Huens traveling in the same direction, then veered to the left and collided head on with a Chevrolet sedan traveling south driven by Miss Ann Sleeth. Decedent, John Motten Rhoades, aged 72, was a passenger riding in the back seat of Miss Sleeth's car.

"Both appellant's and Miss Sleeth's automobiles were demolished. Appellant, Miss Sleeth and a lady passenger riding the front seat of Miss Sleeth's car were all seriously injured and hospitalized.

"Decedent, John Motten Rhoades, was found dead in the back seat of Miss Sleeth's car when police arrived at the scene five

minutes after the accident. A Mr. Hancock who was also riding the back seat of the Sleeth car was uninjured."

The sufficiency of the evidence is questioned, appellant's proposition being that there is no proof as to the cause of John Motten Rhodes' death, and no evidence that his body was wounded, mangled or crushed.

There was evidence that before the accident John Motten Rhodes "was in good health. He was on the job every day. He was full of energy and life and seemed to be in good health."

The automobile in which Mr. Rhodes was riding was hit head on by the automobile appellant was driving. Both cars were "demolished." Mr. Rhodes had a bleeding laceration on his forehead. The officers, who arrived shortly after the accident, "found no pulse, no heart beat, no breathing." He was pronounced dead upon arrival at the hospital.

Mr. Rhodes was sitting behind the driver, Miss Sleeth, who survived the accident but was rendered unconscious. She gave this description of his injuries: "* * * my face was crushed here (indicating), was cut here (indicating) and I was cracked here (indicating). It was crushed here on this side and was all distorted, pushed around this way, my teeth were knocked out and my lip was cut clear through, here and here, I had ribs broken on both sides, and had a broken pelvis and a broken leg, and a real bad cut here (indicating)."

Mrs. Blake, seated beside Miss Sleeth, suffered a crushed knee, her pelvis was broken in several places, her chest was "smashed", she had lacerations on her chest, arm and shoulder, and her right shoulder and right foot were injured.

There is nothing in the record to suggest or show any intervening cause, and we deem the evidence sufficient to sustain the allegation that John Motten Rhodes' death resulted from the collision. Landry v. State, 156 Tex. Cr. R. 350, 242 S.W. 2d 381; Dempsey v. State, 163 Tex. Cr. R. 96, 289 S.W. 2d 238.

The absence of evidence to sustain the allegation of the information that Mr. Rhodes' body was "mangled" and "crushed" does not constitute a fatal variance. Such allegations may be treated as surplusage. Hilty v. State, 120 Tex. Cr. R. 304, 49 S.W. 2d 786.

Appellant next complains that his request for a charge on circumstantial evidence was refused. We do not agree that such charge was necessary under the evidence stated. Landry v. State, 156 Tex. Cr. R. 350, 242 S.W. 2d 381; Jernigan, No. 33,208, decided March 29, 1961. 345 S.W. 2d 754.

It is also contended that the trial court erred in refusing to submit to the jury the defensive theory that the accident was unavoidable and occurred while appellant was driving at a lawful speed.

The court's charge required the jury to find, in order to convict, that appellant was engaged in an unlawful act, to wit, operating an automobile on a public road in the city of Dallas at a speed greater than the maximum legal speed at said location as fixed and provided by ordinance of the city of Dallas.

Evidence was introduced showing such maximum speed to have been fixed at 50 miles per hour, and appellant testified and the state's evidence shows that he was exceeding said speed limit.

In view of the evidence, appellant's testimony to the fact that his brakes failed to work, if true, would not constitute a defense. Menefee v. State, 129 Tex. Cr. R. 375, 87 S.W. 2d 478. We see no error.

The remaining claim of error relates to the cross-examination of appellant, the contention being that a mistrial should have been granted when he was questioned about having been arrested for theft.

Objection was sustained to the question, but appellant's motion for mistrial was overruled.

These facts alone would raise a serious question. However, the record shows that appellant testified on direct examination that he had never "been convicted of any offense whatsoever" in his whole life, and when he was asked on cross-examination if he intended to include anything "in the way of arrest which did not result in any convictions," appellant's counsel stated in effect that he had no objection if the question was asked in good faith. When appellant was again asked about an arrest for investigation of theft, appellant's objection was sustained and the jury

instructed to "not consider the questions as to arrest." Motion for mistrial was then made and overruled. Under the record, we find no error calling for reversal.

The judgment is affirmed.