**Mary Alice TAYLOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45326.**

Court of Criminal Appeals of Texas.

Jan. 3, 1973.

Rehearing Denied Feb. 16, 1973.

Marian S. Rosen, Clyde W. Woody, Houston, for appellant.

Ellis A. Oualline, Dist. Atty., William M. Hill, Asst. Dist. Atty., Conroe, and Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is taken from a conviction for the offense of murder without malice. Punishment was assessed by the jury at four years.

Appellant contends the court erred in admitting into evidence a statement made by appellant to a police officer at the scene of the offense. The record reflects that on July 14, 1970, Gene Reaves, Sheriff of Montgomery County, received a phone call from an unidentified person. On the basis of the phone call, the substance of which is not revealed by the record, Reaves went to appellant's home to make an investigation. By the time he arrived, a crowd had gathered around the house. Reaves observed the body of a man who had been shot several times lying on the ground. Reaves was called as a witness by the state and testified as follows:

"Q. (By the prosecutor) And when you arrived there, who did you see?

A. The first one we saw was Mary Alice Taylor (The appellant).

Q. Did you have a conversation with her?

A. Yes, sir; I asked her what happened.

Q. Did she reply anything?

A. Yes sir.

Q. What did she say?

A. Said she shot Dub.

* * * * * *

Q. What happened when she told you she'd killed Dub?

A. Well, I asked her at that time what she shot him with, and she went and got the gun. She handed it to Fenley and he handed it to me."

No objection was made to the testimony at the time it was offered or at any time prior to appeal. Absent objections, or a showing that appellant did not have an opportunity to object at the time the evidence was offered, the complaint is not properly before us for review. Blanco v. State, Tex.Cr.App., 471 S.W.2d 70; Verret v. State, Tex.Cr.App., 470 S.W.2d 883; Clark v State, Tex.Cr.App., 470 S.W.2d 869; Lopez v. State, Tex.Cr.App., 468 S.W. 2d 365. See generally, 5 Tex.Jur.2d, Section 39(1) p. 61.

Appellant also argues that the trial court should have, *sua sponte*, determined whether the statement was voluntarily given before allowing it to be introduced into evidence and should have entered an order stating his findings. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

Article 38.22, Section 2, Vernon's Ann. C.C.P., provides:

"In all cases *where a question is raised* as to the voluntariness of a confession or statement, the court must make an independent finding in the absence of the jury as to whether the confession or statement was made under voluntary conditions." (Emphasis supplied)

No question was raised as to the voluntariness of appellant's statement, and no objections were made to the testimony. When no objection as to voluntariness is made, and no request is made to submit the question to the jury, no error is shown. Brooks v. State, Tex.Cr.App., 399 S.W.2d 357; Hintz v. State, Tex.Cr.App., 396 S.W. 2d 411; Johnson v. State, 169 Tex.Cr.R. 612,

336 S.W.2d 175, cert. denied, 364 U.S. 927, 81 S.Ct. 355, 5 L.Ed.2d 267. See also Harris v. State, Tex.Cr.App., 465 S.W.2d 175.

It is appellant's next contention that the evidence was insufficient to establish the cause of death of the deceased. No expert opinion evidence was introduced; however, the cause of death may be shown by other means. Williams v. State, Tex.Cr. App., 464 S.W.2d 114. Under the state's testimony, it is shown that deceased was alive before being shot and that after the shooting he was dead at the scene with seven gunshot wounds on his body. Appellant admitted shooting deceased and gave the gun she used to Sheriff Reaves. The gun, which had seven empty cartridges in it, was introduced into evidence without objection. Proof of these circumstances is sufficient to establish that the cause of death of the deceased was the gunshot wounds received from the gun fired by appellant. See, Williams v. State, supra; Morris v. State, 168 Tex.Cr.R. 29, 322 S.W. 2d 632; Lightfoot v. State, 164 Tex.Cr.R. 73, 296 S.W.2d 554; Jennings v. State, 154 Tex.Cr.R. 211, 226 S.W.2d 126; 4 Branch's Ann.P.C. (2nd Ed.) Section 2191.

Appellant contends that "the court committed reversible error in not requiring the recordation and transcription of all proceedings had in this cause to be made part of the record herein." The record reflects no request by appellant to have the court reporter transcribe the voir dire or the jury argument, as permitted by Article 40.09, Section 4, V.A.C.C.P. Said Article is not mandatory but rather provides that "at the request of either party" the court reporter shall take short-hand notes of all trial proceedings. No error is presented.[1] Cf. Gasery v. State, Tex.Cr.App., 465 S.W. 2d 377; Garrett v. State, Tex.Cr.App., 434 S.W.2d 142, cert. denied, 394 U.S. 949, 89 S.Ct. 1287, 22 L.Ed.2d 484; Morris v. State, Tex.Cr.App., 411 S.W.2d 730. Appellant's

---

1. Trial judges should, even in the absence of a request to do so, have the court reporter record all the proceedings unless the same is waived. Cf., Curry v. State, Tex.Cr.App., 488 S.W.2d 100 (1972).

reliance on 28 U.S.C., Section 753(b) is misplaced. Said statute does not apply to the State Courts of Texas.

Appellant complains in his last ground of error that the "court's instructions failed to charge the jury as to the appropriate law of the case." No objections to the court's charge were made nor any requested charges presented, as required by Articles 36.14 and 36.15, V.A.C.C.P. No error is shown. Golden v. State, Tex.Cr. App., 475 S.W.2d 273; Gibbs v. State, Tex. Cr.App., 468 S.W.2d 69.

No reversible error having been shown, the judgment is affirmed.