**Santiago ELIZALDE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47916.**

Court of Criminal Appeals of Texas.

April 10, 1974.

App., 484 S.W.2d 756; Moulton v. State, Tex.Cr.App., 486 S.W.2d 334.

**750**

Anthony F. Constant, Corpus Christi (Court-appointed on appeal only), for appellant.

William B. Mobley, Jr., Dist. Atty., John Potter, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

This appeal is from a conviction by jury verdict of burglary with intent to commit theft. Punishment, enhanced under Article 62, Vernon's Ann.P.C., was assessed by the court at twelve years.

In his fourth ground of error, appellant complains of insufficiency of the evidence to sustain the conviction.

The record reflects the following testimony by State's witnesses:

Mrs. Gathright testified that as she was driving to her home, in the afternoon of September 8, 1972, and just prior to getting there, she saw a car parked in her next door neighbor's driveway, and a man, whom she identified as appellant, loading a T.V. set covered by her blanket in the car trunk. When she got in her house, her T.V. set, which had been there that morning, was missing, as well as a number of other items. Just after she entered, her neighbor phoned to tell her that a man had broken into her (Mrs. Gathright's) house. The screen on the door to her house was ripped on the back side, and the latch was pulled out. Mrs. Gathright and her son ran outside, and her son shouted to appellant, who was getting in the car: "Stop, man stop, you have my T.V." Appellant fled in the car. Mrs. Gathright had not given appellant consent to break into her home, or to take the T.V. set.

The neighbor testified that she saw appellant, whom she knew, walking toward Mrs. Gathright's house, and then saw him returning to the car with the T.V. set covered by a blanket, which he put into the car trunk. She gave the officers the letters JWF as the prefix to the car license, and described the car to the officers. The description of the car given the officers by the neighbor fit the car in which appellant was arrested three days later.

The appellant did not testify.

The above evidence, including the flight of appellant from the scene, and the recent possession of the stolen property, is sufficient to sustain the verdict of guilty.

In his second ground of error, appellant contends that he was denied a fair trial because of the deliberate and repeated prejudicial remarks made to the jury by

the State. In a one paragraph discussion, appellant refers by page number of the record to a number of instances in the State's argument of which he complains. This ground of error and the arguments thereunder are multifarious and do not meet the requirements of Art. 40.09, Sec. 9, Vernon's Ann.C.C.P., which, in part, requires that appellant's brief ". . . shall set forth separately each ground of error of which defendant desires to complain on appeal . . ." Hunt v. State, Tex.Cr.App., 492 S.W.2d 540; Houston v. State, Tex.Cr.App., 506 S.W.2d 907 (1974); Pitts v. State, Tex.Cr.App., 478 S.W.2d 555.

We have examined the argument of the State, and do not find anything therein which we should consider in the interest of justice. Art. 40.09, Sec. 13, V.A.C.C.P. There is nothing for review.

In this third ground, appellant complains of being denied effective assistance of counsel. The record discloses that appellant was represented on the trial by employed counsel, who had also represented him in other felony cases.

In Curtis v. State, Tex.Cr.App., 500 S.W.2d 478, we quoted from Trotter v. State, Tex.Cr.App., 471 S.W.2d 822, as follows:

"We have carefully examined the record and cannot conclude there was ineffective assistance of counsel. This record does not support or reflect any willful misconduct by an employed counsel without appellant's knowledge which amounts to a breach of the legal duty of an attorney. See Lawson v. State, Tex.Cr.App., 467 S.W.2d 486, and cases there cited. Further, counsel being retained, any claimed incompetency or lack of effective assistance on the part of such counsel cannot be imputed to the State. Howard v. Beto, 5th Cir., 375 F.2d 441; Lawson v. State, supra."

We there cited, as in accord with the above quotation,

"Dyche v. State, 478 S.W.2d 944, 945 (Tex.Cr.App.1972); Mills v. State, 483 S.W.2d 264 (Tex.Cr.App.1972); Guerrero v. State, 487 S.W.2d 729 (Tex.Cr.App.1972); Rodriguez v. State, 489 S.W.2d 121, 123 (Tex.Cr.App.1972); Sellers v. State, 492 S.W.2d 265, 266 (Tex.Cr.App.1973)."

In our study of this record, we fail to find any evidence of lack of effective representation on the part of trial counsel.

The record reflects that appellant was convicted on the strength of the evidence against him, and not by reason of any willful misconduct or breach of any legal duty of counsel. See Rozell v. State, Tex.Cr.App., 502 S.W.2d 16; Sellers v. State, supra.

The third ground of error is overruled.

Appellant, in his first ground, alleges error in the finding of the court at the punishment stage that appellant had been previously convicted of a like felony. He contends insufficiency of the evidence to support such finding.

The indictment, for the purpose of enhancing the punishment as provided in Article 62, V.A.P.C., alleged a prior final conviction of appellant for burglary in Cause No. 12,779 in the District Court of Nueces County on June 18, 1968. At the punishment stage of the instant case, which was before the court without a jury, the State introduced the indictment and judgment in the prior trial, together with the prison packet from the Department of Corrections containing, as State's Exhibit No. 7, fingerprints of the defendant in that case and a photograph of said defendant.

Over objections of appellant, the court permitted his fingerprints to be taken at the trial, being State's Exhibit No. 12. Officer Hernandez, a fingerprint expert, compared these prints with State's Exhibit No. 7, and testified they were of the same person. However, on cross-examination he could not make a positive identification

match, and the court struck State's Exhibit No. 12 from the record, and stated that it was not to be considered as evidence.

Officer Hernandez testified that he had been with the Nueces County Sheriff's Department for fourteen and one-half years. He was personally acquainted with appellant. He had taken fingerprints of appellant when he was arrested in 1968, and the card with those prints was in the file in the sheriff's office.[1] Hernandez testified that the prints on the permanent card matched the prints on State's Exhibit No. 10 taken of appellant on September 11, 1972, under his supervision when appellant was arrested in the instant case. However, the record does not reflect that the arrest in 1968 had any connection with Cause No. 12,779, or that the prints taken in 1968 were taken of the defendant in that case.[2] Although the State in its brief states that the prints on Exhibit 10 were identified and compared with the prints on Exhibit No. 7, a part of the penitentiary packet, the record does not substantiate such statement. The testimony of the witness which the State refers to in this regard reads:

"Q  Is it your opinion you did identify the prints on that card (Ex. 10) and compare those with other prints?

"A  Yes.

"Q  Have you done that in this case?

"A  I have.

"Q  Have you done that in this case at my request?

"A  At your request, yes, sir."

It will be noted that the "other prints" were not identified by the prosecuting attorney, and certainly they are not shown in the record as being those on State's Exhibit No. 7.

The State also argues that since the prison packet of the proceedings of the prior trial was admitted in evidence without objection, appellant cannot complain of its contents, and no further proof of identity was necessary. The prison packet was admitted as proof of a prior conviction of the defendant named therein. It is not evidence that, although the name is the same, the defendant there named is the appellant in the instant case. Cain v. State, Tex.Cr. App., 468 S.W.2d 856; Vessels v. State, Tex.Cr.App., 432 S.W.2d 108, 116. The State had the burden of proving that the two defendants were the same person.

The court in assessing appellant's punishment at 12 years found from the evidence, over strenuous objection of appellant that identity was not shown that appellant was the same person who had been previously convicted of burglary as alleged in the indictment, and that hence, as it stated, "Your punishment is the maximum provided by law." The record establishes that he did consider and apply the provisions of Article 62, V.A.P.C., in arriving at the amount of punishment.

We have carefully considered all of the evidence given at the punishment stage, and find that, after State's Exhibit No. 12 was withdrawn, there is no evidence identifying appellant as the defendant in Cause No. 12,779 in the District Court of Nueces County. Hence, the court erred in enhancing the punishment under the provisions of Article 62, V.A.P.C. Cain v. State, supra.

We have considered the contentions made in appellant's *pro se* brief, none of which involve the application of Article 62, V.A.P.C., to the punishment, and find them to be without merit.

The error relates to punishment only. The court assessed the punishment. Accordingly, the punishment heretofore as-

---

1. This card does not appear in the record. There is a card marked S. 11, but it has no finger prints on it, and does not appear to have been made in 1968.

2. The indictment in Cause No. 12,799 alleges that burglary to have been committed April 5, 1967.

sessed is set aside, and the case is remanded to the trial court for the proper punishment under Article 1397, V.A.P.C., to be assessed by the court, and the pronouncement of sentence, and further proceedings authorized by Article 40.09, V.A.C.C.P. Bradley v. State, Tex.Cr.App., 456 S.W.2d 923; Brumfield v. State, Tex.Cr.App., 445 S.W.2d 732, 740; White v. State, Tex.Cr. App., 444 S.W.2d 921; Wheat v. State, Tex.Cr.App., 442 S.W.2d 363, 368. In assessing the punishment, the court shall consider the record made at the trial of the case, omitting the evidence which we have held inadmissible.

It is so ordered.

Opinion approved by the Court.