**Gregorio Garcia GONZALES, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 51186.**

Court of Criminal Appeals of Texas.

Feb. 25, 1976.

Arthur L. Lapham, Victoria, for appellant.

Robert J. Seerden, Dist. Atty., and Knute L. Dietze, Asst. Dist. Atty., Victoria, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

In a trial before the court, appellant was convicted of driving while license suspended. Punishment was assessed at a fine of one hundred dollars and seventy-two hours in jail.

Among other contentions, appellant argues that there is no evidence that he is the Gregorio Gonzales, Jr. whose driver's license was shown to have been suspended.

The record reflects that on September 27, 1974, in Victoria, Officer Leon Perkins of

the Victoria Police Department stopped appellant while he was driving an automobile in order to check his driver's license. Appellant handed him a license made out to Gregorio Gonzales which had expired. Perkins testified: "I run a records' check on the driver's license in Austin by teletype and our dispatcher, to check if the driver's license were indeed expired or what the disposition of the driver's license was."

No further testimony was given concerning this expired driver's license.

The State next placed in evidence as its Exhibit 1 a certificate from the License Issuance and Driver Records Division of the Texas Department of Public Safety dated February 27, 1975. This certificate reflected that the "Texas driving privilege" of one Gregorio Gonzales, Jr. of Route 5, Box 415, Victoria, Texas, was at the time of its issuance and at the time of this alleged offense suspended because of his failure to post the required financial responsibility as required by Art. 6701h, Sec. 17, V.A.T.Civ. Stats.

Appellant did not testify and offered no evidence.

At the close of the trial appellant moved for judgment of acquittal since there was no evidence that he was the same person whose license had been suspended. This motion was overruled, and the court found him guilty of driving while his license was suspended as charged in the information.

The information on which appellant was convicted charged that on September 27, 1974, in Victoria County, Gregorio Garcia Gonzales did

" . . . drive and operate an automobile upon the public highway there situate, while the Texas operator's license of the said Gregorio Garcia Gonzales was then and there suspended under Article 6701h, Sec. 5(b) of Vernon's Annotated Civil Statutes."

While the evidence may have been sufficient to show that appellant was driving with an expired driver's license, there was no evidence to identify him as the "Gregorio Gonzales, Jr." named in the certificate whose "Texas driving privilege" was under suspension. See *Elizalde v. State,* Tex.Cr. App., 507 S.W.2d 749, 752.

 The burden was upon the State to prove that this appellant was operating an automobile while his, appellant's driving license was suspended. The State made no attempt to offer any such proof.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.