Charles Edwin BULLARD, Appellant,

v.

The STATE of Texas, Appellee.

No. 51025.

Court of Criminal Appeals of Texas.

March 3, 1976.

Pat McDowell, Dallas (on appeal only), for appellant.

Henry Wade, Dist. Atty., Steve Wilensky and James G. Walker, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the offense of felony theft; the punishment, enhanced by proof of two prior felony convictions under the provisions of V.T. C.A. Penal Code, Sec. 12.42(d), is imprisonment for life.

In numerous grounds of error, the appellant contends that: (1) the evidence is insufficient to support the conviction; (2) extraneous offenses were erroneously admitted in evidence; (3) the court failed to instruct the jury on the law of circumstantial evidence; (4) he was not granted an examining trial; and (5) the evidence is insufficient to sustain a finding that the appellant had been convicted of the offense alleged for enhancement of punishment.

When viewed most favorably in support of the jury's verdict, the evidence shows the following: James Thomas, the complaining witness, left his home at 2:30 p. m. on October 4, 1974; when he returned at 6:00 p. m. on the same day he discovered that his home had been broken into and that numerous items had been stolen. Included among the items stolen were a General Electric 21 inch black and white portable television set and a President component stereo system. Thomas stated that the television set was two or three months old and that he had paid $300 for it; he stated that the stereo system was six or seven months old and that he had paid in excess of $400 for it. Thomas further stated that any decrease in value of the television and stereo sets subsequent to his purchase of those items was negligible.

Officer G. D. Womack of the Dallas Police Department testified that on October 10, 1974, he was working undercover, keeping under surveillance a Jiffy Food Store, the manager of which was suspected of trafficking in stolen goods. Officer Womack stated that he and his confidential informer were parked directly in front of the Jiffy Food Store when the appellant and another, nicknamed "Foots," drove up and went inside the food store. After the appellant and "Foots" spoke to Jose Yvarra, the man inside the food store, they returned to their car, retrieved a television set and a stereo system and carried them inside the store. Yvarra handed some money to the appellant and "Foots" and the two men left. Officer Womack and his confidential informer then went inside the store and arranged to sell some goods to Yvarra; when they brought the goods inside, the officer and his informer were directed to place them behind the same meat counter in back of which the appellant and "Foots" had placed the television and stereo sets. Officer Womack stated that he saw a General Electric portable television set and a President stereo system behind the counter; he further stated that there were no other television or stereo sets behind the counter.

Officer Edward Hardy of the Dallas Police Department was working with Officer Womack in the surveillance being maintained on the Jiffy Food Store. He was in a car parked less than one hundred yards away from the store, watching the store and listening to a radio which was picking up conversations broadcast by a hidden microphone worn by Officer Womack during his dealings with Yvarra. Officer Hardy saw the appellant and "Foots" take a stereo and a television set into the food store, then return to their car and leave. The officer continued his surveillance of the store until it closed at midnight; after closing the store Yvarra placed a number of items into his car; Officer Hardy then followed him home. After Yvarra moved all save two of the items in his car into his house, he was arrested and his house searched. Two of the items recovered in the search were a President component stereo system and a General Electric black and white portable television set; Officer Hardy stated that the television and stereo sets were the only ones of their respective tradename at Yvarra's house.

The various items seized in the search of Yvarra's house were loaded into a police property truck for transportation to the police station. En route to the police station the truck was involved in a collision; most of the property in the truck, including the television and stereo sets, was badly damaged. Nevertheless, complaining witness Thomas was able to identify the television set and stereo system as the ones taken from his house on October 4, 1974. Thomas pointed out that there was some white paint on one of the stereo's speakers that he had accidentally spilled on it when he was painting his room. Thomas further stated that he at no time gave the appellant permission to have possession of or exercise control over his television set or stereo system. Finally, Officer Hardy testified that he returned to and searched the Jiffy Food Store; he stated that he did not find either a General Electric black and white portable

television set or a President component stereo system at that location.

■ The appellant contends that the evidence is not sufficient to connect him to the offense alleged. The rule where the State relies alone on possession of recently stolen property is stated in 5 Branch's Ann.P.C.2d, Sec. 2650.

"To warrant an inference or presumption of guilt from the circumstances alone of possession, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of property by the defendant."

See *Jesko v. State,* 458 S.W.2d 927 (Tex.Cr. App., 1970); *Smith v. State,* 518 S.W.2d 823 (Tex.Cr.App., 1975). See *Barnes v. United States,* 412 U.S. 837, 93 S.Ct. 2357, 37 L.Ed.2d 380 (1973) for a discussion of the presumption arising from the possession of recently stolen property in relation to the presumption of innocence and other constitutional rights.

The evidence here is sufficient. It shows that the appellant and "Foots" had the stolen property in their personal possession six days after it was stolen; their possession was unexplained; and they exercised control of and disposed of the property showing a conscious assertion of right to the property.

In answer to other grounds of error, the evidence is sufficient to show that both the television set and stereo system were in the possession of the appellant and "Foots" and that they were the same items alleged to have been stolen from the owner.

■■ It is also urged that the evidence is insufficient to show the value of the property stolen. The appellant for the first time on appeal challenges the evidence of value of the stolen items. Each of the items was shown to have a value of over $200. See *Coronado v. State,* 508 S.W.2d 373 (Tex.Cr.App., 1974). The failure to prove the market value of these stolen items was not fatal when there was no evidence that the value of the property was less than $200 and there was some evidence admitted without objection to show the property had a value of over $200. If the manner of proving value did not meet with the approval of the appellant, it was incumbent upon him to voice his objection at the time of the introduction of the testimony. *Turner v. State,* 486 S.W.2d 797 (Tex.Cr. App., 1972).

We find the evidence of each and every element of felony theft sufficient to support the jury's verdict. These grounds of error are overruled.

■ The appellant next complains that the trial court erred in admitting evidence of alleged extraneous offenses. This complaint concerns Officer Womack's testimony that he sold property to Yvarra at the store and Officer Hardy's testimony that he recovered stolen property from Yvarra's house. This evidence was not offered to show, and it did not show, that the appellant had committed other offenses. It was a part of the circumstantial evidence which was relevant to the proof of the State's case against the appellant. This evidence was so entwined with, and closely related to, the other admissible evidence that it was properly admitted. We also note that most of this evidence about which complaint is now made was admitted without objection. This ground of error is overruled.

■ The appellant complains that the trial court erred in failing to instruct the jury on the law of circumstantial evidence. This was a circumstantial evidence case, and if a timely objection had been made or if a timely specially requested charge had been offered, a refusal to give such a charge would have been error. However, the error was not preserved for review because no such specially requested charge was offered and there was no objection that the court's charge did not contain an instruction on circumstantial evidence. See Articles 36.14 and 36.15, V.A.C.C.P. *Taylor v. State,* 489 S.W.2d 890 (Tex.Cr.App.1973); *Golden v.*

*State,* 475 S.W.2d 273 (Tex.Cr.App.1972). This ground of error is overruled.

■ Appellant asserts the trial court erred in failing to grant him an examining trial. Appellant's contention is without merit; the return of an indictment terminates any right to an examining trial. *Brown v. State,* 475 S.W.2d 938 (Tex.Cr. App.1971); *Harris v. State,* 457 S.W.2d 903 (1970), reversed on other grounds, 403 U.S. 947, 91 S.Ct. 2291, 29 L.Ed.2d 859 (1971); *McDonald v. State,* 513 S.W.2d 44 (Tex.Cr. App.1974). This ground of error is overruled.

■ Appellant also asserts that the evidence is insufficient to show that he had previously been convicted of two felonies. At the punishment stage of the trial the State called Deputy Sheriff John Slovak, a fingerprint expert from the Dallas County Sheriff's Department. Deputy Slovak testified that he had taken the appellant's fingerprints on the afternoon the trial began. He identified State's Exhibits Nos. 2 and 3 as being photostatic copies of Dallas County "jail card business record[s]", containing official records and fingerprints of one Charles Edwin Bullard made upon conviction in Dallas County in Cause Nos. C–70–6579–MN (burglary) and D–7519–JI (attempting to pass a forged instrument knowing the same to have been forged), respectively. Both State's Exhibits Nos. 2 and 3 which were admitted in evidence without objection were properly admitted. See Arts. 3731a and 3737e, V.A.C.S.; *Jones v. State,* 500 S.W.2d 661 (Tex.Cr.App.1973).

■ Deputy Slovak compared the fingerprints on State's Exhibit No. 2 with those he had taken of the appellant earlier that afternoon, and testified that they were made by the same person, the appellant. The State's evidence was sufficient to identify appellant as the defendant who was convicted in Cause No. C–70–6579–MN (burglary) in the 195th Judicial District Court in Dallas County. However, Deputy Slovak was not asked to compare the fingerprints he had taken of the appellant

with those on State's Exhibit No. 3; at no time did Deputy Slovak testify that the fingerprints he had taken of the appellant were made by the same person whose fingerprints appeared on State's Exhibit No. 3. The State's evidence is therefore insufficient to identify the appellant as the defendant who was convicted in Cause No. D–7519–JI in Criminal District Court No. 2 in Dallas County. See *Elizalde v. State,* 507 S.W.2d 749 (Tex.Cr.App.1974). The identity of names was not sufficient. *Elizalde v. State,* supra; *Cain v. State,* 468 S.W.2d 856 (Tex.Cr.App.1971). Hence, the court erred in enhancing the punishment as the record reflects he did under the provisions of V.T. C.A. Penal Code, Sec. 12.42(d).

■ The error herein relates to punishment only; the court assessed the punishment. Inasmuch as the State's proof of prior convictions is insufficient, the proper remedy is to set aside the life sentence and remand the case to the trial court for a new hearing or trial on the issue of punishment to be assessed by the court, at which time the State may again attempt to prove the prior convictions for the purpose of enhancing punishment. See Article 44.25, V.A.C. C.P. Insofar as it conflicts with the manner of the disposition herein, the case of *Elizalde v. State,* supra, is overruled.

It is so ordered.

Opinion approved by the Court.

ONION, Presiding Judge, (concurring in part and dissenting in part).

I agree that the case must be remanded to the trial court for a new hearing on punishment, but cannot agree that *Elizalde v. State,* 507 S.W.2d 749 (Tex.Cr.App.1974), only recently decided without dissent, should be overruled by the "current" majority.