IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-515-CR





EDWARD THOMPSON,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0921934, HONORABLE JON N. WISSER, JUDGE PRESIDING



 





PER CURIAM

 The district court found appellant guilty of habitual theft. Tex. Penal Code Ann.
§ 31.03(e)(4)(E) (West Supp. 1993). The court assessed punishment, enhanced by a previous
felony conviction for indecency with a child, at imprisonment for sixty-two months. In his only
point of error, appellant contends the State failed to prove that this was his third theft conviction.

 The two previous thefts alleged pursuant to section 31.03(e)(4)(E) were Travis
County cause numbers 352,285 and 334,315, both misdemeanor theft convictions in county court
at law. Appellant concedes that the evidence is sufficient to prove that he was the person
convicted in cause number 352,285, but argues that the State failed to prove that he was the
person convicted in cause number 334,315.

 The defendant's identity as the person previously convicted may be proved
circumstantially. Human v. State, 749 S.W.2d 832, 834 (Tex. Crim. App. 1988). Because
appellant was tried in 1992, the "reasonable alternative hypothesis" construct is not applicable in
determining the legal sufficiency of the evidence. Geesa v. State, 820 S.W.2d 154 (Tex. Crim.
App. 1991). 

 State's exhibit three contains a certified copy of the judgment of conviction in cause
number 334,315. The judgment recites that Edward Thompson was adjudged guilty of theft, that
the offense took place on February 28, 1990, and that Thompson was born on September 27,
1959. Exhibit three also contains an Austin police department jail booking card showing that
Edward Thompson, date of birth September 27, 1959, was arrested on February 28, 1990, for
theft. The booking card also bears a fingerprint of the person arrested. The State's fingerprint
expert testified that this print matches appellant's known print.

 The State proved that appellant was born on September 27, 1959, and arrested for
theft on February 28, 1990. The State also proved that a person named Edward Thompson, who
was born on September 27, 1959, was convicted in Travis County cause number 334,315 for a
theft that took place on February 28, 1990. Viewing this evidence in the light most favorable to
the verdict, a rational trier of fact could find beyond a reasonable doubt that appellant was the
Edward Thompson convicted in cause number 334,315. Jackson v. Virginia, 443 U.S. 307
(1979); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The opinions relied on by
appellant, Bullard v. State, 533 S.W.2d 812 (Tex. Crim. App. 1976), and Elizalde v. State, 507
S.W.2d 749 (Tex. Crim. App. 1974), are factually distinguishable. The point of error is
overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Jones & Kidd

Affirmed

Filed: November 17, 1993

Do Not Publish