TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00568-CR







Rickey Gene White, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY CRIMINAL COURT NO. 7 OF DALLAS COUNTY


NO. MA94-04623, HONORABLE JOHN McCALL, JUDGE PRESIDING








 Appellant was charged with the offense of theft of property of the value of at least
$200 but less than $750, a Class A misdemeanor. See Act of May 7, 1993, 73d Leg., R.S., ch.
203, § 4, 1993 Tex. Gen. Laws 390, 391 (Tex. Penal Code Ann. § 31.03, since amended). In
a trial before the court, appellant was found guilty of the lesser included offense of theft of
property of the value of $20 or more but less than $200, a Class B misdemeanor. See id.
Punishment was assessed at confinement for 120 days in the county jail and a fine of $500. 
Appellant asserts two points of error, initially contending that the evidence was insufficient to
support the conviction in that the State failed to prove the value of the lawnmower alleged to have
been stolen. In his remaining point of error, appellant urges that the trial court erred in overruling
his motion to suppress an impermissibly suggestive pretrial identification and in subsequently
admitting in evidence the complainant's in-court identification of appellant. We will overrule
appellant's points of error and affirm the judgment of the trial court as reformed.

 Complainant Thermalline Lowrie testified to the events occurring on May 25, 1994
that form the basis of this prosecution. Complainant had stopped mowing her lawn to get a drink
of water when she observed a man she identified as appellant pick up her lawnmower, throw it
in the back of a pickup truck, and drive away. Complainant stated that her husband had given her
the lawnmower as an anniversary present two and one-half to three years prior to that time, and
the purchase price was $740 to $750. Complainant related that the "value it means to me" is
much more than $200, but that she did not know its value when it was taken. She had never
purchased a used lawnmower, did not know what her mower would have sold for when it was
taken, but knew that its replacement cost was far more than its actual value. At the conclusion
of the testimony, the trial court found appellant guilty of a Class B misdemeanor, stating that a
two-year-old lawnmower having an original value of $740 or $750 "could certainly be valued used
at something more than $20. I am not sure it would be valued over $200."

 Appellant contends that the State did not offer any competent evidence as to the
value of the lawnmower. Applicable to the instant cause, value is defined as the fair market value
of the property at the time and place of the offense; or if the fair market value of the property
cannot be ascertained, the cost of replacing the property within a reasonable time after the theft. 
See Tex. Penal Code Ann. § 31.08(a)(1) (2) (West 1994). 

 In Bullard v. State, 533 S.W.2d 812 (Tex. Crim. App. 1976), the State offered no
evidence to show that the stolen television and stereo had a value in excess of $200 at the time the
property was stolen. The complaining witness in Bullard testified that he paid $300 for the
television and at the time of its theft it was two or three months old, and that he paid over $400
for the stereo, which was six or seven months old at the time in question. Complainant further
testified that any decrease in value subsequent to his purchase was negligible. Id. at 814. The
court held that the failure to prove the market value of the stolen items was not fatal when there
was no evidence that the value of the property was less than $200 and there was some evidence
admitted without objection to show that the property had a value of over $200. Id. at 815.

 In Sweeney v. State, 633 S.W.2d 354 (Tex. App.--Houston [14th Dist.] 1982, pet.
ref'd), the complaining witness testified that he financed the purchase of his twenty-one inch color
television set for $700. The court stated that unlike Bullard, there was no testimony indicating
the age or condition of the television nor was there a revelation of the terms under which the
purchase of the television was financed. Id. at 356. The court thus held that the State had not met
its burden of establishing beyond a reasonable doubt that the value of the television at time of the
offense was over $200. Id.

 In the instant cause, the trial court sustained appellant's objections when
complainant was asked about the value of the mower when it was stolen and if she knew what her
husband paid for it. However, appellant voiced no objection to complainant's testimony that she
looked at this specific mower before her husband purchased it and that it cost $740 or $750. In
addition, complainant testified without objection that the mower had an electric starter, it was easy
to operate, and that mowers with electric starters were more expensive than mowers without this
feature. Thus, the trial court had before it evidence of the mower's age, its original cost, its
special features, and the fact that it was still in operating condition as evidenced by complainant's
testimony that she was moving her lawn immediately prior to the theft.

 The standard for review of the sufficiency of the evidence is whether after viewing
the evidence in the light most favorable to the prosecution, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 433
U.S. 307, 318-319 (1979); Griffin v. State, 614 S.W.2d 155, 159 (Tex. Crim. App. 1981). 
Viewing the evidence in the light most favorable to the trial court's judgment, we hold that a
rational trier of fact could have found there was sufficient evidence to support a finding that the
stolen property had a value of $20 or more but less than $200. Appellant's first point of error is
overruled.

 Appellant contends that the pretrial identification procedure was impermissibly
suggestive because: (1) appellant's photograph had been taken in front of a wall constructed of
concrete blocks as opposed to the other four person's photographs, which were taken in front of
plain walls; (2) appellant had much less hair than the other four men in the photographic display;
(3) the photographs were not placed in a folder which would make them appear more uniform;
and (4) the photographic display contained five rather than six photographs.

 An in-court identification is not admissible if (1) the photographic display was
impermissibly suggestive, and (2) the suggestive procedure gives rise to a very substantial
likelihood of irreparable misidentification. Delk v. State, 855 S.W.2d 700, 706 (Tex. Crim. App.
1993), cert. denied, 114 S. Ct. 481 (1994). A finding that a challenged pretrial identification was
not impermissibly suggestive will obviate the need to determine whether it created a substantial
likelihood of misidentification. Webb v. State, 760 S.W.2d 263, 269 (Tex. Crim. App. 1988),
cert. denied, 491 U.S. 910 (1989).

 Appellant cites no authority to support his position that the backgrounds in the
photographs must be identical. Nor are we persuaded that the lack of similar backgrounds renders
the photographic display impermissibly suggestive. We find Ward v. State, 474 S.W.2d 71 (Tex.
Crim. App. 1971), dispositive of appellant's contention that he had less hair than the other four
men in the photographic display. In Ward, the defendant complained that he was the only person
portrayed in the mug shot array wearing an Afro hair style. The court stated that while it might
be better practice to use photographs which portray persons whose every feature matches the pre-identification description, neither due process of law nor common sense requires such a
procedure. Id. at 476. Moreover, the complainant in the instant cause testified that she did not
notice the thief's hair style at the time of the theft because she thought he was wearing a hat.

 Dallas police officer Sydney Baugh testified that manila show-up folders are used
for photographic displays for neatness and to hide anything that may be written on the front of the
photographs. Baugh stated that there was nothing written on any of the photographs she used, and
there was no reason to put them in a folder. Appellant cites no authority to support his contention
that the photographs must be placed in a folder. Nor do we perceive any reason why the absence
of folders in the presentation of photographs would render the display impermissibly suggestive.

 Appellant points to Baugh's testimony that it was normal procedure to use six
photographs in a display, but she used five in the instant cause because of her inability to find an
additional male's photograph that was suitable to use in the display at that time. In Garza v.
State, 633 S.W.2d 508 (Tex. Crim. App. 1982), the court noted that while one-man lineups have
been widely condemned, the admission of evidence of a one-man show up without more does not
violate due process. Id. at 512. While no complaint was made about the failure to use six
photographs, the court in Rivera v. State, 808 S.W.2d 80 (Tex. Crim. App.), cert. denied, 112
S. Ct. 279 (1991), found that there was nothing suggestive in the pretrial identification procedure
where five photographs were used. Id. at 95. Nor do we find anything suggestive about the use
of five photographs in the instant cause.

 A claimed violation of due process in the conduct of a pretrial identification
procedure depends upon the totality of the circumstances surrounding it. Garza, 633 S.W.2d at
512. We hold under the totality of the circumstances in the instant cause that the photographic
identification procedure used was not so impermissibly suggestive as to deny appellant due process
of law. Our holding obviates the need to consider appellant's contention that the in-court
identification was tainted. Appellant's second point of error is overruled.

 The judgment states that appellant was convicted of theft of property of the value
of "$200 to $750" (Class A misdemeanor). However, the trial court stated that it found appellant
guilty of a Class B misdemeanor and gave its reasons for such holding. Accordingly, the
judgment is reformed to show that appellant was found guilty of theft of property of the value of
at least $20 but less than $200.

 As reformed, the judgment is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices Davis* and Dally**

Reformed and, as Reformed, Affirmed

Filed: July 12, 1995

Do Not Publish

























* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).


** Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).